## Kauffman *versus* Fisher et uxor.

1. A confession of judgment by one partner for a partnership debt does not discharge the other partners from liability for the same debt, since the act of April 6th, 1830.

2. "A promise, however express, made by one member of a dissolved copartnership, to pay a partnership debt already barred by the statute, does not revive the debt as to his copartners."

3. Payments of interest on such a debt, when made by the liquidating partner within the six years, and in due course of settlement of the affairs of the firm, will keep the debt alive as to the firm, and the firm as to the debt. Whatever is done in good faith by the liquidating partner for payment of the debts of the firm, especially before they are barred by the statute, binds the firm.

ERROR to the Court of Common Pleas of *Bucks County*.
Opinion by
WOODWARD, J.—Reber's confession of judgment bound only himself—but himself none the less for being made in an amicable

[Kauffman v. Fisher et uxor.]

action in which the names of the Kauffmans, his former partners, were mentioned. It is argued, however, that a judgment so confessed by one partner for a partnership debt had the effect to discharge the other partners from future liability for the same debt. Not so. The rule of the common law was altered by the 2d section of our act of assembly of 6th April, 1830, Purdon, 446, title, Judgments, pl. 33, which reads: "In all cases of amicable confession of judgment by one or more of several obligors, copartners or promissory notes, such judgment shall not be a bar to a recovery in such suit or suits as may have to be brought against those who refuse to confess judgment."

Without the liberal construction to which this remedial legislation is entitled (3 Casey, 248; 9 Casey, 111), it applies itself with conclusive effect to a case like this. Samuel Kauffman, the sole defendant, was a "copartner or promissor" with Reber —but he was not a partner to the amicable action in which the judgment was confessed. This suit had to be brought against him (Kauffman) because he refused to confess judgment there, and thus he is within the very terms of the statute. To hold the judgment confessed by Reber a bar to the plaintiff's remedy against Kauffman, would be a repeal of the statute.

Another and more grave question is presented by the second point in the charge.

This suit, to which Samuel Kauffman alone appears, was instituted on the 2d November, 1859, to recover the amount due on a promissory note dated June 4th, 1851, at one year, drawn by Kauffman, Reber & Co., to Conrad Reber, and by him indorsed over to the plaintiffs. On the 4th October, 1853, the members of the firm, Samuel Kauffman, David B. Kauffman, and Daniel B. Reber, dissolved partnership, the two last forming a new firm under the name of Kauffman & Reber, and agreeing to pay all the debts of Kauffman, Reber & Co. Finding himself sued on this note more than seven years after it fell due, and more than six years after the dissolution of the partnership, Kauffman naturally pleaded the statute of limitations, but the court held that Reber's confession of judgment was such an acknowledgment of the debt as took it out of the statute of limitations as to every member of the firm. Reber's confession was on the 26th September, 1859, three months and more after the statute had run out.

That a promise, however express, made by one member of a dissolved copartnership to pay a partnership debt already barred by the statute, does not revive the debt as to his copartners, is settled law in Pennsylvania. The ground is, that the power to create a new right against the partnership does not exist in any partner after the dissolution of it; and the acknowledgment of a debt already barred by the statute of limi-

tations is not the mere continuation of the original promise, but a new contract springing out of, and supported by the original consideration.

Plenty of authorities to a contrary effect. may be found in the English books, and in the reports of some of our sister States; but without going over what Judge Smith, in *Searight* v. *Craighead,* 1 Penna. R. 139, called a " bead roll of cases," I content myself with the above statement of the Pennsylvania doctrine, and refer in support of it. to the cases collected in *Coleman* v. *Fobes,* 10 H. 156, and *Hogg* v. *Orgill,* 10 Casey, 348.

It is manifest from this that the learned judge attributed undue effect to Reber's confession of judgment; Kauffman's plea of the statute of limitations was not answered by the fact to which the judge pointed. Standing discharged by law from the debt, on the 26th September, 1859, he could not be again made liable by anything Reber could do on that day or afterward. But what was the effect of the several payments of interest before that time, and within six years from the maturity of the note? These payments were all made by Reber or D. B. Kauffman, none of them by Saml. Kauffman, or by his authority, agency or consent. Still they were made in course of liquidating the affairs of the late firm—for payment of interest on a partnership debt, like the payment of the debt itself, is the proper duty of a liquidating partner, and quite within the scope of his authority. By the contract of partnership, each partner becomes the agent of his fellows for the conduct of the partnership business. Dissolution of the partnership puts an end to the power of each partner to create a *new* liability of the firm, but whatever is done in good faith by the liquidating partner for payment of the debts of the firm, especially before they are barred by the statute, binds the firm. Accordingly it was holden in the estate of *Davis* v. *Desauque,* 5 Wh. 530, that after dissolution of a partnership, the partner who is authorized to settle the estate may borrow money on the credit of the firm, for the purpose of paying the debts of the firm, and if the money is faithfully applied to the liquidation of the joint debts, the creditor has a claim against the firm, and is not to be considered as a creditor merely of the borrowing party, though he lent his money with full knowledge that the firm was dissolved. This was apparently the creation of a new liability, but was really the substitution of one debt for another, and being done in good faith, for the winding up of a joint concern, was within the scope of the implied powers of the liquidating partner.

This case was followed by *Houser* v. *Irvine,* 3 W. & S. 345, where it was said that a partnership dissolved for future operations remains in force for closing the business of the concern, and the liquidating partner retains his power to bind the firm

[Kauffman *v.* Fisher et uxor.]

in things within the scope of the business committed to him. The point ruled was that a payment by the liquidating partner on account of a simple contract debt of the firm, within six years from its maturity, was such an acknowledgment as would take the claim out of the statute of limitations, not only as to the liquidating partner, but as to the other partners also.

These cases have been approved in *Dundas* v. *Gallagher*, 4 Barr, 210, and *Brown* v. *Clark*, 2 H. 474, and are not shaken by anything that was said in *Case* v. *Cushman*, 1 Barr, 241, or *Morgan* v. *Walton*, 4 Barr, 321. Nor is the case of *Coleman* v. *Fobes*, 10 H. 156, an inconsistent authority, for that was not upon the law of partnership, but of principal and surety. The point ruled was that a partial payment by a surety within six years did not deprive the principal debtor of the protection of the statute—a doctrine which cannot be applied to partners, for they do not stand in the relation of principal and surety.

Applying the law of Pennsylvania as we find it, without embarrassing ourselves with the refinements and inconsistencies of innumerable cases from beyond our borders, it is plain that the payments of interest on this note in the years 1852, '55, and '56, by whichever partner made, kept the note alive as to the firm, and the firm as to the note. On this ground the ruling of the court is sustainable, but not on the ground of Reber's acknowledgment after the six years had elapsed.

The distinction is an obvious one. Where a creditor has lain by in total inactivity for the whole statutory period, each one of the joint debtors has acquired a legal defence of his own, of which he cannot be deprived except by his own act, and ever since the cases of *Levy* v. *Cadet*, 17 S. & R. 128, and *Bell* v. *Morrison*, 1 Peters, 352, the courts have inclined to give the statute full effect against stale claims.

But when the creditor has enforced payment of interest, or part payment of principal, several times within the period of the statute, the claim cannot be regarded as a stale one—is not such a debt as the statute was designed to bar. And inasmuch as, between the partners and the creditor, they are all equally liable for the debt, regardless of any dissolution or other agreement among themselves, payments, partial or full, may be well accepted from any of them; and, having established between themselves a relation of mutual agency, which they cannot destroy to the prejudice of creditors, each is bound by what the other does in good faith, in performance of the common duty. Hence the act of a liquidating partner may continue a subsisting liability of a retired partner, though it cannot restore a liability once legally extinguished.

The judgment is affirmed.

LOWRIE, C. J., dissents.