LYNCH, ADMINISTRATRIX, v. NEW YORK, LAKE ERIE AND
WESTERN RAILROAD COMPANY.

A suit is not commenced by the signing and sealing of a summons which
has been retained in the attorney's office without any purpose of
immediate service.

On error to Essex Circuit.

Argued at February Term, 1894, before BEASLEY, CHIEF
JUSTICE, and Justices VAN SYCKEL, GARRISON and LIP-
PINCOTT.

For the plaintiff, *Joseph A. Beecher.*

For the defendant, *Cortlandt Parker.*

The opinion of the court was delivered by

BEASLEY, CHIEF JUSTICE.    This case was tried on a plea
raising the issue to be decided before the Circuit judge, a jury
being waived.

The action was statutory, brought by the plaintiff, as ad-
ministratrix of the estate of an intestate who had been killed
by the carelessness, as it was alleged, of the servants of the
defendant.    One of the pleas to this cause of action is that
the suit had not been commenced "within twelve calendar
months after the death" of the person killed.    Issue was
formed by a negation of this allegation, and the judicial
finding was in favor of the defence.

On this writ of error it was contended that, on the admitted
facts of the case, this decision cannot be made to square with
legal principles.

The point of controversy turned upon the question when
the summons in the case was actually issued.    If the facts,
as claimed by the plaintiff, are admitted, this is the *status* of
the matter : The writ was drawn, signed, sealed and tested
on the 2d of July, 1892, and was made returnable on the

13th day of July of the same year. In this condition it was retained by the attorney drawing it, in his own office, with the purpose of sending it to the sheriff at some indefinite time in the future, and which procedure was somewhat dependent on the event of his client being able to furnish the funds necessary to defray the expenses of the suit. Payments were made from time to time until, in or about the latter part of June, 1893, the return day in the writ was altered from the 13th of July, 1892, to the 24th of July, 1893. The *teste* of the summons was not altered, being left of the date of the 3d day of July, 1892.

The view of the counsel of the plaintiff is, as expressed in his brief, that if a writ be sealed and tested without any present purpose of immediate service, *ipso facto* the suit is commenced. This contention is sought to be justified by a decision of this court in the case of *Updike* v. *Ten Broeck*, 3 *Vroom* 106. This case is not in point, for the summons in that instance, though it had lain for about two months in the office of the attorney by whom it had been drawn, was unaltered when it was put forth, both with respect to its *teste* and return day. There are, indeed, expressions in the opinion that was read in the case, which indicate the doctrine that it is the mere drawing and sealing of the writ that constitutes the beginning of the suit. But it is not observed that such a theory is sustained by a single precedent. At common law, a suit was begun upon the purchase of the writ, and that process implies the taking the writ out of the office for immediate service. This seems to have been lost sight of in the case just cited, which oversight is the more remarkable from the circumstance that in it the opinion of Chief Justice Hornblower, in *Whitaker* v. *Turnbull*, 3 *Harr.* 172, was cited, in which this language is used: "That when a writ is issued out of the office of the clerk or of the attorney acting, as is usually the practice in this state (at least permissibly), as the agent or deputy of the clerk, in good faith, for the purpose of being served or proceeded on, and that purpose is not afterwards abandoned, it is, for all material purposes, the

actual commencement of the suit." This is undoubtedly the rule of the old law, and is conspicuously at odds with the doctrine to support which it is cited. Mr. Justice Elmer, who was a very accurate practitioner and who sat in the case under criticism, wrote a dissenting opinion, in which, alluding to the contention that the mere sealing of the writ and leaving in the office of the attorney was the beginning of the action, says: " I cannot so consider it. So to hold would be, in my opinion, to introduce a highly-dangerous practice, sanctioned by no precedent and by no sound principle."

This repudiation, expressed in such energetic terms, is not to be wondered at when we reflect that the rule deprecated is an entire novelty and that its inexpediency is most marked, for under its prevalence a suit at law might be actually pending against an unconscious defendant for a series of years. Subject to such a system, who could say when the statute of limitations had barred claims that had been imminent for years? Indeed, by force of the practice contended for, the statute that puts a time restraint upon action would have no claim to be called a statute of repose.

But it is enough, in the present case, to declare that the doctrine adopted in Updike *v.* Ten Broeck is not to be extended, and therefore is not applicable to the facts now exhibited in the record before us.

Let the judgment be affirmed.