ANNA MAITLAND, ADMINISTRATRIX OF JOHN MAITLAND, DECEASED, v. HENRY R. WORTHINGTON (A CORPORATION).

After the defendant named in a summons has been regularly brought into court, the writ cannot be amended by substituting the name of another person as defendant, and altering the return day, for the purpose of procuring the reissuing thereof and its service upon the substituted defendant.

On motion to vacate order amending summons and to set aside the summons as amended.

Argued at February Term, 1896, before Justices DEPUE, VAN SYCKEL and GUMMERE.

For the motion, *Edward M. Colie.*

*Contra, Howard W. Hayes.*

The opinion of the court was delivered by

GUMMERE, J. The summons in this case was originally issued on October 28th, 1895, against " The Worthington Pumping Engine Company," a corporation of this state, and

was returnable on the 8th of November then next. The sheriff of the county of Union, to whom it was delivered for service, returned it "not served," and it then being made to appear by affidavit, to the satisfaction of the court, that process could not be served upon the defendant corporation, it was brought into court by publication as provided by section 90 of the Corporation act. *Rev.*, *p.* 193.

Subsequently, on November 29th, 1895, proof was made to the court, by the affidavit of the plaintiff's attorney, that the corporation against whom the plaintiff had a cause of action was not "The Worthington Pumping Engine Company," but another corporation of this state incorporated under the name of "Henry R. Worthington," and that the name of the former of said corporations was inserted in the summons by mistake. It also appeared by the affidavit that the plaintiff's claim against the said "Henry R. Worthington" was for the death of her intestate, which was alleged therein to have been caused by the negligent act of said corporation while he was in its employ, and that said death had occurred on the 31st day of October, 1894. Upon this proof, and for the reason that a new suit could not then be successfully brought by the plaintiff against the said "Henry R. Worthington," owing to the bar of the statute of limitations which had taken effect shortly after the issuing of the original summons, the court, upon the *ex parte* application of the plaintiff, ordered that the summons be amended by changing the name of the defendant therein to "Henry R. Worthington," and by changing the return day thereof to December 14th, 1895, and that it be reissued and served upon the substituted defendant in the manner provided by law. The summons was thereupon amended as prescribed by the said order and was reissued and regularly served upon "Henry R. Worthington," the substituted defendant.

Application is now made, in behalf of this latter corporation, to vacate this order, on the ground that the amendment of the writ which is directed thereby is not authorized by that provision of our Practice act which regulates the amend-

ment of original process. *Gen. Stat., p.* 2541, § 50. That provision is that "when the service of the summons in any civil action is defective or insufficient by reason of any mistake, on the part of the plaintiff or of the officer, as to the place where or the person with whom the summons or copy of the summons ought to have been left, the court or a judge thereof may, in their discretion, order the summons to be amended and reissued and served in such manner as they or he shall direct." It will be perceived that this statutory provision only permits the amendment of the process when *its service* has been defective or insufficient. There was no such defect or insufficiency in the case now before us. The sheriff, not having found any officer or director of the defendant corporation named in the writ upon whom to make service, returned the writ "not served," and thereupon the defendant was brought into court by publication in the manner provided by our statute. What is really sought to be accomplished by this proceeding is, under the guise of an amendment of the summons, to procure the issuing of a new writ against a person other than the party originally proceeded against, and in that way to prevent the statute of limitations from being set up as a bar to the action.

The power which the court possesses of amending a summons for a defective or insufficient service, falls very far short of that which has been exercised in the matter now under consideration. If the practice adopted in this case was permitted to prevail, a claim might be kept alive indefinitely against an unconscious defendant, notwithstanding the statute of limitations, by issuing the writ against a third person, and, months after it had been served and returned into court, amending it by substituting the name of the real defendant and altering the return day to a future date, and then causing it to be reissued and served upon the party whose name had been substituted. As was said by the Chief Justice, in the case of *Lynch* v. *New York, &c., Railroad Co.,* 28 *Vroom* 4; in discussing a somewhat similar question: "Subject to such a system, who could say when the statute of limitations had

barred claims that had been imminent for years? Indeed, by force of such a practice, the statute that puts a time restraint upon actions would have no claim to be called a statute of repose."

In my opinion, the order directing the amendment of the summons should be set aside and the amended summons annulled.