HENRY VAN PELT, DEFENDANT IN ERROR, v. PHILIP SCHAUBLE ET AL., PLAINTIFFS IN ERROR.

Submitted December 9, 1902—Decided March 2, 1903.

1. Money deposited in pursuance of a wagering agreement upon a rise or fall in the price of stocks, may be recovered by the depositor from the depositary, whether the agreement has been fully executed or not.
2. Such a recovery may be had upon the common count for money had and received.
3. The depositor's right to such money is a chose in action arising on an implied contract, and therefore is assignable at law, so that the assignee may sue for it in his own name, by force of the Practice act, paragraph 340.

On error to the Supreme Court.

For the plaintiffs in error, *Patrick H. Gilhooly.*

For the defendant in error, *William A. Cotter.*

The opinion of the court was delivered by

DIXON, J.  The plaintiff and five other persons, acting separately, deposited with a firm in Newark, of which the defendants were members, various sums of money for the purpose

of winning or losing as the price of certain stocks should rise or fall. Afterwards the other persons assigned to the plaintiff their right to the moneys so deposited, and he brought this suit to recover the same. His declaration set forth only the common money counts. At the trial it appeared that the defendants had paid the money to other parties, presumably on a fall in the price of the stocks, whereupon the defendants moved for a nonsuit, because the transactions were unlawful under our statute; but that motion was overruled, and a verdict for the plaintiff was in effect ordered.

These rulings present the substantial matters for review.

The transactions were doubtless illegal, for our statute against gaming (*Gen. Stat., p.* 1606) enacts that "all bets, wagers or stakes, made to depend upon any * * * unknown or contingent event, shall be unlawful." But it is because of the illegality that the money deposited remained the property of the depositor. The legislature has the power of regulating the mode in which the title to property can be transferred, and the effect of this statute is to prevent the transfer of title by the mere delivery of money upon a wager. Consequently, when the depositary receives money upon such an unlawful agreement, he holds it without any other right or duty respecting it than the duty of returning it on demand to its lawful owner, the depositor. That duty may be enforced by action of *indebitatus assumpsit* for money had and received. *Huncke* v. *Francis, 3 Dutcher* 55, 58.

If, however, there were no further legislation, this doctrine would not sustain the judgment in the present case, because of the evidence tending to show that the defendants had paid out the money, in pursuance of the agreement, before the plaintiff demanded its return, the general rule being that, when the agreement has been executed, the depositor cannot recover the money deposited upon a wager. But this denial does not rest upon any notion that the depositary has been able to transfer to his payee the legal title of the depositor. Evidently the act of the depositary in furtherance of the unlawful agreement can have no more effect upon the title than did the original act of the depositor. The denial rests solely

on a rule of judicial procedure, *in pari delicto, potior est defendentis conditio,* which the courts will apply to a culpable plaintiff who has permitted the whole agreement to be executed, although they do not apply it to a plaintiff who repents and repudiates the transaction before it is consummated. But with regard to dealings such as that before us the legislature has put aside this judicial rule, by enacting the second section of the Gaming statute, which declares that "any person who shall pay, deliver or deposit any money *. * * upon the event of any wager or bet, * * * may sue for and recover the same of the * * * person to whom the same shall be paid or delivered, or of the stakeholder, * * * whether the same shall have been delivered or paid over by such depositary or stakeholder or not, and whether any such wager be lost or not."

This provision does not create the right or chose in action on which the permitted suit is founded. Its legal effect is merely to remove the disability under which the judicial rule placed the plaintiff, so that the court would hear him as if he were free from blame. Thus exculpated, and his title to the money received by the defendants remaining unaffected by their act in paying it away, the plaintiff can enforce his claim on the same principle and in the same manner as if the unlawful agreement were still unexecuted. *Meech* v. *Stoner*, 19 *N. Y.* 26.

This view of the matter meets another objection interposed by the defendants, that the plaintiff cannot recover upon the claims assigned to him. The objection is based on the idea that the statute above mentioned creates the right or chose in action, rights so created not being assignable in law. But, since we are of opinion that the right or chose in action is not created by the statute, but arises out of the implied contract of the defendants to repay the money belonging to the depositor, the objection fails, because of the statute which renders all choses in action arising on contract assignable in law. *Practice act, Gen. Stat., p.* 2591.

At the trial the defendants offered to prove a set-off against one of the plaintiff's assignors for a loss sustained through

the wagers. This offer was properly overruled, on the ground that such an indebtedness could exist only by affirming the validity of the wagering agreement, which, of course, was inadmissible.

We find no error, and the judgment is affirmed.

*For affirmance*—THE CHANCELLOR, VAN SYCKEL, DIXON, GARRISON, FORT, GARRETSON, HENDRICKSON, PITNEY, BO-GERT, VREDENBURGH, VOORHEES, VROOM.    12.

*For reversal*—None.