HENRY S. McCONNELL, DEFENDANT IN ERROR, v. ALPHA PORTLAND CEMENT COMPANY, PLAINTIFF IN ERROR.

Submitted March Term, 1907—Decided June 17, 1907.

1. An employe may not take chances and, in case of ill results following the risks thereby assumed, charge them to the master. Such conduct, resulting in injury, constitutes the assumption of risk that prevents recovery.

2. A judge of the Circuit Court, specially appointed, may not sign an order for judgment in the Supreme Court under section 210 of the Practice act. A justice of the Supreme Court only may make such an order.

On error to the Supreme Court.

For the plaintiff in error, *Edward Ambler Armstrong*.

For the defendant in error, *John W. Wescott*.

The opinion of the court was delivered by

FORT, J.   The plaintiff was a servant of the defendant. He was employed as an oiler, and had been thus engaged about three weeks at the time of the accident. He was without experience in the business, and so stated to the defendant at the time of his employment. He was instructed in his duties as an oiler by the superintendent and by an employe who had preceded him in the position. He was informed that one of the engines which he was required to oil at times would become "stuck on centre," and that when this happened it was necessary to start it at once, because that engine was required to be constantly kept in operation day and night; otherwise there would be a serious loss in working the kiln which it operated. In order to start the engine when it·became centred, the plaintiff was told to use a scantling about eight feet in length, which was provided by the defendant, and he was instructed how to use it.

On the 19th of December, 1898, the engine in question became centred, ·and one Cuthbert, who was employed in the kilnroom, had reached the engine before the plaintiff, and had placed the scantling in position to start the engine, and had called the plaintiff to assist him when he found that he alone was unable to start it. Cuthbert was pushing on the scantling, and the plaintiff came up on the opposite side to that upon which Cuthbert was and began to pull, and the moment they put their joint force upon it, the engine started and the scantling was necessarily thrown in the direction of

the plaintiff, and he was struck in the face and upon the chest and seriously injured.

Whether on this state of facts negligence in the defendant can be predicated it is unnecessary to decide. That the plaintiff, in doing what he did, was, under the proof, guilty of contributory negligence we have no doubt. His own testimony established that he was not very fully instructed as to how to use the scantling, or of the probable effects of its negligent or careless use, but he admits that he was told to *"push"* on the scantling, when in place, for the purpose of starting the engine, and he was cautioned to be careful. That he did not obey this instruction is clear. If he had gone to the scantling and pushed, as he was instructed, there would have been no danger. This is proven by the fact that Cuthbert was not harmed.

The plaintiff stated that he knew that there was probable danger in standing where he did when he pulled, but he says that he thought he could get out of the way before the scantling hit him. That is practically saying that he took the chances. Plaintiff's testimony as to his knowledge of the danger, and the way in which the engine would turn when started by the use of the scantling, is as follows:

"*Q.* Well, you knew in which direction it was to turn when you saw Cuthbert pushing?

"*A.* I knew in which direction we should have pushed it, so I imagine it must have gone that way.

"*Q.* You knew you were pushing it to have it turn in the direction you were standing?

"*A.* Yes, sir.

"*Q.* Did the engine start unexpectedly to you?

"*A.* Yes, sir.

"*Q.* You expected to be able to get out of the way of it, of course, when you were pushing there, didn't you—when you were pulling?

"*A.* I certainly did expect to get out of the way.

"*Q.* And the sudden turning of it is what surprised and struck you, is it?

"*A.* Yes."

This evidence shows clearly that the plaintiff knew the danger and expected to avoid it by quick movement, and to get out of the way when the flywheel should start. He was not quick enough, and it caught him.

An employe may not take chances and, in case of ill results following the risks thereby assumed, charge them to the master. Such conduct, resulting in injury, constitutes the assumption of risk that prevents recovery. *Gill* v. *National Storage Co.,* 41 *Vroom* 53 (at *p.* 56) ; *Dwojakowski* v. *Central Railroad Co.,* 40 *Id.* 601 (at *p.* 603) ; *Schwanewede* v. *N. H. R. R. Co.,* 38 *Id.* 449.

Under the facts proven, the defendant was entitled to the nonsuit asked for, and the failure to grant it was error.

Another point for the vacation of this judgment was made upon the record. The judgment entered in the Supreme Court was entered upon the order of the judge of the Circuit Court upon notice under the Practice act. There is no power in a circuit judge to make an order for the entry of a judgment in the Supreme Court. Under section 210 of the Practice act (*Pamph. L.* 1903, *p.* 592) a justice of the Supreme Court may make such order, but nothing in the act confers such power upon a judge of the Circuit Court.

The powers of the judges of the Circuit Court, in relation to the trial of Supreme Court issues and the granting of rules to show cause, and the like, are entirely statutory, and no authority can be found within the statute, nor indeed do we think it can be conferred by statute, authorizing a judge of the Circuit Court to enter a judgment in the Supreme Court. *Pamph. L.* 1906, *p.* 209.

There will be a reversal in this case, and a *venire de novo* will be awarded.

*For affirmance*—None.

*For reversal*—The CHANCELLOR, CHIEF JUSTICE, GARRISON, FORT, HENDRICKSON, PITNEY, SWAYZE, REED, TRENCHARD, BOGERT, VREDENBURGH, VROOM, GREEN, GRAY, DILL, J.J.   15.