## THOMAS W. HUBBARD v. MONTROSS METAL SHINGLE COMPANY.

Submitted July 2, 1909—Decided November 8, 1909.

1. A motion in arrest of judgment is proper where there is some matter intrinsic appearing upon the face of the record, which would render a judgment erroneous and reversible.
2. A judgment *in personam* can be obtained against a defendant in an action at law only after the service of legal process, or where, by his consent, he submits to the jurisdiction.
3. A judgment entered against one who is not a party to the record but who is made a party in open court upon the trial, by amendment and substitution against his protest and without his consent, is not only in violation of the defendant's common-law rights but is also in violation of the constitutional guarantee requiring "due process of law."

---

On motion in arrest of judgment.

Before Justices SWAYZE, TRENCHARD and MINTURN.

For the motion, *Edward Ambler Armstrong.*

*Contra, John W. Wescott.*

The opinion of the court was delivered by

MINTURN, J. The present application is in arrest of a judgment entered in the Camden Circuit against the above-

named defendant, upon the ground that while the suit was instituted against the defendant, as a corporation, it transpired at the trial that it was not a body corporate, but that the parties comprising it, Levi H. Montross and William C. Perrin, were partners in trade doing business under that title. Counsel for the plaintiff then requested the court to allow an amendment of the declaration, by making the individual partners defendants in lieu of the corporation. To this the attorney for the defendants objected, but the court allowed the rule to amend, including therein leave to the defendants to plead, which they did in due course, alleging non-summons, and a denial of the jurisdiction of the court.

The plaintiff moved to strike out the pleas as frivolous, which motion the court granted, and the trial then proceeded to judgment against these defendants.

The first fatal defect in the record would seem to be that with the pleas stricken out, there was no issue for the Circuit Court to try. The powers of the Circuit Court judge under the act seem to be limited to the trial of the "issues joined in the Supreme Court, which may be referred to him by the justice of the Supreme Court holding the circuit, and in relation to the trial of such issues the said judge shall have the power to amend," &c. *Pamph. L.* 1906, *p.* 209.

This enumeration of powers does not include that of striking out a sham or frivolous plea; a power which, under the Practice act, can be exercised by the Supreme Court justice only upon four days' notice. *Practice act, Pamph. L.* 1903, *p.* 569; *McConnell* v. *Alpha Portland Cement Co.,* 45 *Vroom* 730.

This objection alone, we think, is fatal to the validity of this judgment.

But, upon the ground that these defendants were not summoned, and, according to the record, did not waive the service of the first process in personal actions, we find a fundamentally fatal objection to the legal rendition of this judgment. *Maitland* v. *Worthington,* 30 *Vroom* 114; *Lower* v. *Segal,* 31 *Id.* 99; *Filzhenny* v. *Consolidated Traction Co.,* 34 *Id.* 142.

It is true they were in court, but only in obedience to a summons in another suit, and against another defendant than themselves; and under our system of judicature, as well as under the protection of the constitutional guarantees, there is no legal method, excepting by consent, by which they can be brought within the jurisdiction of a trial court as defendants but by due process of law, involving a course of legal procedure, which, under our system, in a case of this character, must be by summons or by *capias*. *Simon* v. *Craft,* 182 *U. S.* 427; *Kilbourn* v. *Thompson,* 103 *Id.* 168; *Pennoyer* v. *Neff,* 95 *Id.* 714.

As was said by the United States Circuit Court in *Lavin* v. *Emigrant Industrial Savings Bank,* 18 *Blatchf.* 1: "What is absolutely indispensable is, unless he (defendant) has consented to the act of deprivation, that he shall have notice of the proceeding either actual, or, in proper cases, constructive; that he shall have an opportunity to be heard in defence of his right or title. If the proceeding is wanting in these essentials, then by the principles of the common law, whatever force and effect the judgment may otherwise have, it cannot bind him; he is not and cannot be treated as a party to the judgment without a violation of what is regarded as a fundamental rule of natural justice."

*A fortiori* must this be so, when the judgment may result, as in this case, in an interference with the personal liberty of the defendants. *D'Arcy* v. *Ketchum,* 11 *How.* (*U. S.*) 174; *Wilson* v. *Seligman,* 144 *U. S.* 41.

If the defendant be not brought in by regular process, there is no method known to the common law system of legal procedure, since the abolition of the blood feud, unless by consent, by which the courts of common law can acquire jurisdiction in an action *in personam*. *Jenks Law and Politics of the Middle Ages* 100; *Sir Henry Maine Ancient Law* 364.

In recognition of this fact, the common law courts exerted themselves to enforce personal appearance in the absence of the voluntary appearance of the defendant, by the issuance of process, leading at last to outlawry in civil cases; and to

the tortures of *peine forte et dure* in criminal prosecutions. 3 *Blacks. Com.,* ch. 19; 4 *Id.* 341.

Even at common law, says Blackstone, quoting the statute 16 *Car.* 1, *cl.* 10, "an issue at law" ought to be tried and determined in the ordinary courts of justice "and by due course of law." *Blacks. Com.,* bk. 1, *p.* 142.

But the argument for the plaintiff is, that the defendants submitted themselves to the jurisdiction.

We do not so read this record. The extent of their appearance was under a rule made by the court to enable them to plead non-summons and want of jurisdiction; pleas which, in effect, denied that they were in court, and alleged that the entire proceeding was *coram non judice.* This was a special appearance, entered for the purpose of challenging the jurisdiction; and in no manner waived the illegality of service of process, and manifestly does not operate as a submission to the jurisdiction of the court. *Harkness* v. *Hyde,* 98 *U. S.* 476.

A question of practice remains upon the right of the defendants to raise these questions upon a motion in arrest of judgment.

The rule at common law is stated by Tidd to have been "the only ground of arresting judgment at this day is some matter intrinsic appearing upon the face of the record which would render it erroneous and reversible." 2 *Tidd* 949.

The record in this case presents the facts which we have discussed, and which, in our judgment, render this judgment erroneous, and this practice we find to be sanctioned by the earlier adjudications of this court. *Stille* v. *Jenkins,* 3 *Gr.* 302; *Farwell* v. *Smith,* 1 *Harr.* 133.

The motion in arrest of judgment is therefore allowed.