MATTHEW JEFFERSON, ADMINISTRATOR, v. HOTEL
CAPE MAY.·

Submitted July 6, 1911—Decided October 20, 1911.

After a plea of misnomer, the plaintiff may be allowed to amend
summons and declaration upon payment of costs.

On motion to amend summons and declaration.

Before Justices SWAYZE and BERGEN.

For the motion, *John W. Wescott.*

Opposed, *John H. Backes.*

The opinion of the court was delivered by

SWAYZE, J.    This is a motion to amend a summons and declaration by substituting Cape May Hotel Company for Hotel Cape May as the name of the corporation defendant. The case differs from *Maitland* v. *Worthington,* 30 *Vroom* 114, in the fact that here there was an actual service of summons and the only error was in naming the corporation.   The proper officer must have been served, since the Cape May Hotel Company appears and files a plea in abatement of misnomer. . At common law, even in the absence of a statute like ours, an amendment was permitted after a plea of misnomer. *Tidd Pr.* 697; 1 *Chit. Pl.* 463, 464; *Mestaer* v. *Hertz,* 3 *M. & S.* 450, notable for a clear statement by Lord Ellenborough.   We decided Maitland *v.* Worthington prior to the Practice act of 1903.   At that time an amendment of the summons was authorized only when there had been a mistake in the *service,* and our opinion emphasized that fact.   It was of controlling force since the effect of the mistake was that the desired defendant had not been brought into court, and a new summons was required.   By section 53 of the act of 1903, a new summons may be ordered where an error is made in the

*issuing* or service. *Pamph. L.* 1903, *p.* 549. The change was very likely due to the, decision in the Maitland case. The present plaintiff, however, does not need to appeal to the statute; his summons has been served upon the proper officer of the corporation and the corporation has pleaded to the declaration. This is very different from Maitland *v.* Worthington, in which there never was service upon anyone and only an order of publication, or *Hubbard* v. *Montross Shingle Co.,* 50 *Vroom* 208, where the effort was to change the party defendant from a corporation to two individual defendants, and there was not, as indeed there could not, be a plea of misnomer. In this case the Cape May Hotel Company in the very beginning of its plea avers that the plaintiff has commenced his action against it by the name of Hotel Cape May. The plaintiff does not seek by amendment to change the party defendant or to bring in new parties, but only to describe by its proper name a defendant already in court.

The amendment is allowed upon condition that the plaintiff pay the costs of the plea and of this motion.