JOHN M. DAYTON, DEFENDANT IN ERROR, v. FRANK A. BOETTNER ET AL., PLAINTIFFS IN ERROR.

Submitted July 10, 1911—Decided November 20, 1911.

1. The power to strike out a pleading in an action in the Supreme Court is lodged solely in that court or in a justice thereof, and is not possessed by a Circuit Court judge to whom the cause has been referred for trial pursuant to chapter 118 of *Pamph. L.* 1906, *p.* 209.

2. Under rule 16 of the Supreme Court, counts in debt and in *assumpsit* may be joined in the same suit.

3. A *refusal* to strike out a pleading cannot be made a part of the record so as to be reviewable on a writ of error. It is only when the motion to strike out has prevailed that section 110 of the Practice act (*Pamph. L.* 1903, *p.* 569) permits error to be assigned thereon.

4. Where there is no subscribing witness to a bond in suit, the testimony of a witness at the trial that he saw the defendant sign it justifies its admission in evidence.

5. An objection that a question on cross-examination was overruled will not be considered where substantially the same question was afterwards put to the same witness and answered.

6. Where the evidence will support a verdict for the plaintiff, a motion to nonsuit must be denied.

On error to the Supreme Court.

For the plaintiffs in error, *Harry V. Osborne.*

For the defendant in error, *Rene P. F. von Minden* and *Isaac P. Runyon.*

The opinion of the court was delivered by

TRENCHARD, J. On July 17th, 1902, Frank A. Boettner and Henry Pomerehne executed a bond to John M. Dayton for $1,880, payable in one year from the date thereof. Certain payments were made on account, and in 1910 Dayton brought this suit in the Supreme Court to recover the remainder due. The declaration contained a special count on the bond in debt and the common counts in *assumpsit*. The defendants pleaded

payment to the special count, and *non-assumpsit* to the common counts. Upon trial at the Middlesex Circuit, before the Circuit Court judge to whom the cause had been referred for trial by the justice of the Supreme Court holding the circuit, · the plaintiff recovered a verdict and the judgment entered thereon is here for review.

The first assignment of error challenges the refusal of the trial judge to strike out the common counts.

We are of opinion that such refusal was proper. The power to strike out a pleading in an action in the Supreme Court is lodged solely in that court, or in a justice thereof, and is not possessed by a Circuit Court judge to whom the cause has been referred for trial pursuant to chapter 118 of *Pamph. L.* 1906, *p.* 209. See section 110 of the Practice act (*Pamph. L.* 1903, *p.* 569) ; *Hubbard* v. *Montross Metal Shingle Co.,* 50 *Vroom* 208; *McConnell* v. *Alpha Portland Cement Co.,* 45 *Id.* 727

Moreover, the contention of the defendant that counts in *assumpsit* could not be lawfully joined with one in debt was not well founded. Under rule 16 of the Supreme Court, counts in debt and in *assumpsit* may be joined in the same suit.

But there is a reason of a fundamental character why the assignment of error under consideration cannot avail the defendants, and it is this: A *refusal* to strike out a pleading cannot be made a part of the record so as to be reviewable on a writ of error. It is only when the motion to strike out has prevailed that section 110 of the Practice act (*Pamph. L.* 1903, *p.* 569) permits error to be assigned thereon. *Cooper* v. *Vanderveer,* 18 *Vroom* 178.

The second assignment of error, namely, that the trial judge erroneously admitted in evidence the bond on which the plaintiff founded his suit is without merit. There was no subscribing witness to the bond, and a witness at the trial testified that he saw the defendants sign it. Since that proof justified the admission of the bond in evidence, it is unnecessary to determine whether it was admissible under the pleadings without such proof.

The third assignment alleges that the trial judge erroneously overruled a question propounded to the plaintiff on cross-examination. But this will not be considered for the reason that substantially the same question was afterwards put to the same witness and answered. *Redhing* v. *Central Railroad Co.*, 39 *Vroom* 641; *Chesebrough* v. *Tirrill*, 32 *Id.* 629; *O'Brien* v. *Traynor*, 40 *Id.* 239.

The fourth assignment of error questions the propriety of the refusal of the trial judge to nonsuit the plaintiff. It is plainly without merit. The evidence was sufficient to support a verdict for the plaintiff, and the motion to nonsuit was properly denied.

All other assignments of error argued have been considered, but none have been found requiring reversal.

The judgment of the court below will be affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, GARRISON, SWAYZE, TRENCHARD, PARKER, BERGEN, VOORHEES, KALISCH, BOGERT, VREDENBURGH, CONGDON, WHITE, JJ. 13.

*For reversal*—None.