LORD'S CUT FLOWER CO., INC., A NEW YORK CORPORA-
TION, PLAINTIFF, v. PETER CURCIO, TRADING AS
CURCIO FLORAL CO., DEFENDANT.

Decided November 17, 1943.

*Max L. Rosenstein* (by *George H. Rosenstein*), for the plaintiff.

*Robinson & Morris,* for the defendant.

CAFFREY, C. C. J. The plaintiff corporation issued a summons, dated August 6th, 1943, addressed to Peter Curcio, trading as Curcio Floral Co., a New Jersey corporation. Annexed to the summons was a complaint wherein the defendant was named as Peter Curcio, trading as Curcio Floral Co. The summons and complaint were served on August 10th, 1943, on the defendant, Peter Curcio.

The defendant filed an affidavit of merits on August 16th in the usual form. On August 23d, the defendant served a demand for bill of particulars on the plaintiff, which were duly considered by the court and denied. The defendant

also demanded security of costs, with which demand the plaintiff complied.

On the 6th of October, 1943, the defendant served notice on the plaintiff, through his attorney, stating that he was going to move before this court to strike out the complaint on the ground that no action had been commenced due to the fact that there was a variance between the name stated in the summons and the name stated in the complaint. The plaintiff thereupon served notice on the defendant wherein it stated they would apply to the court for an order to amend the summons to conform to the complaint.

The motion of the plaintiff will be granted. The words "A New Jersey Corporation" will be stricken from the summons and an amendment will be allowed to read, "Peter Curcio, trading as Curcio Floral Co."

The motion of the defendant to strike the complaint will be denied.

Heretofore, the defendant has appeared generally in this court by the filing of an affidavit of merits, demand for the security of costs, and demand for bill of particulars. He has waived, therefore, all objections to the process complained of and submitted himself to the jurisdiction of this court over his person.

Motion to amend the summons on the part of the plaintiff was justified by the case of *Jefferson, Adm'r,* v. *Hotel Cape May,* 82 *N. J. L.* 32; 81 *Atl. Rep.* 349. The relief the plaintiff seeks is not by way of adding a party or bringing in new parties but only describe by proper name the defendant already in court. See, also, *Kantor* v. *Asbury Park Press,* 116 *N. J. L.* 379; 184 *Atl. Rep.* 815.

The defendant raises the question as to the power of a Circuit Court Judge to amend the summons in the instant case. Rule 94 of the Supreme Court, *N. J. S. A. tit.* 2, in part, invests authority in a Circuit Court Judge, sitting as a Supreme Court Commissioner, to "make such order as the court might make and as may be just in * * * any other interlocutory matter preliminary to and in preparation for trial." This matter, in my opinion, is an interlocutory matter. See *Allen* v. *Tyler,* 32 *N. J. L.* 499.

I see no conflict between my determination and the decision of *Jordan* v. *Hoffman,* 126 *N. J. L.* 100; 18 *Atl. Rep.* (*2d*) 607. In that case the Circuit Court Judge passed upon the legality of a *capias* issued out of the Supreme Court. Mr. Justice Perskie, in discussing the right of a Circuit Court Judge to pass upon Supreme Court matters, rested his conclusions upon the statute, *R. S.* 2 :27–77 and *R. S.* 2 :27 :78; *N. J. S. A.* 2 :27–77 and 2 :27–78. The stricture of that opinion was based on the *statute* and in nowise went into the question of the powers of a Circuit Court Judge under rule 94 of the Supreme Court. In that opinion (at *p.* 103) ; 18 *Atl. Rep.* (*2d*) 609, Mr. Justice Perskie said, "We know of no statute law, nor of any rule of court, nor of any other authority which authorizes a Circuit Court Judge, sitting as a Supreme Court Commissioner, to exercise the powers conferred by *R. S.* 2 :27–77 and 2 :27–78."