JOHN D. COVENTRY AND CHRISTINE COVENTRY, PLAIN-
TIFFS-APPELLANTS, v. HERBERT BARRINGTON, DE-
FENDANT, AND LIGHTNING SERVICE COMPANY, A
CORPORATION, DEFENDANT-RESPONDENT.

Submitted May 29, 1936—Decided October 2, 1936.

For the plaintiffs-appellants, *Edmund A. Hayes.*

For the defendant-respondent, *Charles B. Clancy.*

The opinion of the court was delivered by

BROGAN, CHIEF JUSTICE.   This is an appeal from an order
of the Supreme Court, Middlesex County Circuit, denying
application of the plaintiffs below, appellants here, to amend
the summons and complaint.

The facts are stipulated.   It appears that the plaintiffs,
husband and wife, brought suit for damages arising out of a
collision between an automobile driven by Mrs. Coventry and

an automobile of the Lightning Service Company, then being operated in a negligent manner, as is alleged, by its employe, Herbert Barrington.

The plaintiff husband demanded compensation for the damage done the automobile, for the expenses incurred by his wife's illness, and for loss of her services. Mrs. Coventry sought damages for the personal injuries she suffered.

When suit was instituted by these plaintiffs, the defendant company was designated in the process and pleadings as "Lightning Service Co., a corporation." As a matter of fact it was not a corporation. It was a partnership consisting of two individuals doing business under a trade name. The motion was to amend the summons and complaint by substituting for the designation "Lightning Service Co., a corporation" the names of the individuals, Benjamin Nadelberg and Albert Richman, trading as Lightning Service Company, as defendants. At the time the application for the amendment was made by the plaintiffs more than three years had elapsed from the time of the occurrence upon which the action was founded. Consequently, if the proper party defendant was not then in court, no action could be successfully prosecuted for damages that arose out of the personal injuries because of the bar of the statute of limitations. 3 *Comp. Stat.*, *p.* 3164, § 3.

The learned trial judge signed an order denying the application to amend "because the effect of the same would be to add a new party after the statute of limitations had run."

The theory of the appellants' argument for a reversal of the order is that the amendment sought was one of form rather than substance. We cannot accede to this proposition.

The point is made that Nadelberg was actually served. As to this, the stipulation of facts informs us that the sheriff made a return, that he served the summons and complaint "upon Lightning Service Company, a corporation, by delivering a true copy thereof to B. Nadelberg, Registered Agent * * *." This service was in effect a nullity. No such entity was existent. That being so, it follows that Nadelberg could not, in the very nature of things, be a "registered agent" for a principal that had no legal being. The parties now

sought to be charged by the mechanics of amending the process and pleadings were not served or brought into court before the two-year statutory limitation had expired.

To have allowed the amendment under the circumstances would be to recreate a cause of action which had existed but had expired by lapse of time fixed by the statute for instituting the suit. Such action would be a disregard of the statutory mandate.

The intended amendment was substantial, not formal. It proposed to bring in a new party which theretofore had not been made a party to the action. It would have affected substantial rights.

The cases upon which the appellants rely do not sustain their position. In *Wilson* v. *Dairymen's League, &c.,* 105 *N. J. L.* 188, the suit was begun, mistakenly, in the name of the general administratrix of the deceased instead of being instituted by an administratrix *ad prosequendum.* A formal amendment, correcting the designation under which the party plaintiff sued, was allowed and this after the time limited for bringing such action under the Death act had elapsed. The court held that this was merely a formal amendment which was permissible under the Practice act of 1903 (3 *Comp. Stat., p.* 4091) or under the twenty-third section of the Practice act of 1912. *Pamph. L.* 1912, *p.* 377.

A like formal amendment had the approval of this court in the case of *Giardini* v. *McAdoo,* 93 *N. J. L.* 138; a correction of the corporate title, by amendment, was sanctioned in the case of *Stevens-Davis Co.* v. *Peerless Service Laundry,* 112 *Id.* 304; in *Martin* v. *Lehigh Valley Railroad Co.,* 114 *Id.* 243, the action complained of was the refusal by the trial court to strike out a discontinuance of the action when it was palpable that the plaintiff in that case had been lulled into believing that upon the discontinuance being filed a proper amendment would have been allowed. But in these several cases the real parties in interest were in court and the amendment created no new liability which would be the effect of the amendment in the case before us.

We find no error in the order under review.

The judgment is affirmed, with costs.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, TRENCHARD, PARKER, LLOYD, CASE, BODINE, HEHER, PERSKIE, HETFIELD, DEAR, WELLS, WOLFSKEIL, RAFFERTY, COLE, JJ. 15.

*For reversal*—None.