**BUCKLEY v. KETCHIKAN SPRUCE MILLS.**
No. 4917.

District Court of Alaska. Fourth Division. Fairbanks.
April 15, 1943.

Maurice T. Johnson, of Fairbanks, for plaintiff.
Cecil H. Clegg, of Fairbanks, for defendant.

PRATT, District Judge.

On June 8, 1942, plaintiff filed a complaint alleging damage to her upon the 9th day of August, 1940, by the sale of a dangerous material to her by the defendant, to wit, "Fairbanks Lumber Supply Company, Inc., a corporation".

A summons was immediately issued. The service thereof was quashed and plaintiff was allowed ten days within which to "further proceed".

Upon September 12, 1942, an amended complaint was filed in which the original defendant did not appear but the present defendant, "Ketchikan Spruce Mills, an Alaska Corporation," was named as the sole defendant.

In the amended complaint it is alleged that the Ketchikan Spruce Mills, through its Fairbanks division, "known as the Fairbanks Lumber Supply," committed the wrong complained of. There is no showing of any connection between the original defendant and the Ketchikan Spruce Mills.

The Alaska statute of limitations as to a tort being two years, the defendant has demurred on the ground that the amended complaint shows on its face that the action was commenced beyond the period of limitations.

The question then is whether or not the commencing of this action against the original defendant stopped the running of the statute of limitations.

Section 3364, Compiled Laws of Alaska 1933, provides: "An action shall be deemed commenced when the complaint is filed and the summons issued."

The plaintiff relies strongly upon the Massachusetts cases of Genga v. New York, New Haven & Hartford Railroad Company, 243 Mass. 101, 137 N.E. 637, and Johnson v. Carroll, 272 Mass. 134, 172 N.E. 85, 69 A.L.R. 1244. As these cases are based upon the particular statutes of Massachusetts and are likewise contrary to the weight of authority upon the subject, they cannot be followed in this action.

The general rule is stated in 37 Corpus Juris, at page 1066, section 502: "The general rule is well settled

that, where new parties defendant are brought in by amendment, the statute of limitations continues to run in their favor until thus made parties."

This rule is followed in many cases therein cited and in the following more recent ones: Coventry et ux. v. Barrington et al., 117 N.J.L. 217, 187 A. 348; Thompson et al. v. Peck et al., 320 Pa. 27, 181 A. 597; West et al. v. Johnson et al., Tex.Civ.App., 129 S.W. 811; Third National Bank & Trust Company of Springfield, Massachusetts v. White, etc., D.C., 58 F.2d 411; United States v. Norris et al., 8 Cir., 222 F. 14; Union Tank & Pipe Company v. Mammoth Oil Company, Limited et al., 134 Cal. App. 229, 25 P.2d 262, 263.

It is also followed in the case of Davis, Agent v. L. L. Cohen & Company, Inc., 268 U.S. 638, 45 S.Ct. 633, 69 L.Ed. 1129, which reverses a Massachusetts case following the rule laid down in Genga v. New York, New Haven & Hartford Railroad Company, 243 Mass. 101, 137 N.E. 637.

 The plaintiff calls attention to the fact that in support of the Ketchikan Spruce Mills' motion to dismiss this action there is an affidavit setting forth that there was a corporation known as Fairbanks Lumber Supply which during the month of January, 1941, sold and assigned to the Ketchikan Spruce Mills, a corporation, effective January 31, 1941, all of its assets, property, and business at Fairbanks, Alaska; that after January 31, 1941, and not before, the Ketchikan Spruce Mills, an Alaska corporation commenced to conduct business at Fairbanks, Alaska, and now conducts business therein under the name and style of "Fairbanks Lumber Supply, division of Ketchikan Spruce Mills."

It is true that a transfer of all of its assets, without consideration, by one corporation to another would be considered fraudulent as against an unpaid judgment creditor of the vendor, and it is equally true that the laws of Alaska

with reference to corporations organized under the laws of the Territory of Alaska make the following provisions:

Section 926, Compiled Laws of Alaska 1933:

"2. All corporations * * * dissolved, shall be continued bodies corporate for the purpose of prosecuting and defending suits * * *.

"3. Upon the dissolution in any manner of any corporation the directors shall be trustees thereof, * * *.

"4. The directors * * * shall have authority, to sue for * * * in the name of the corporation, and shall be suable in the same name, or in their own names or individual capacities * * *."

There is nothing in the amended complaint showing a right on the part of the plaintiff to any redress under the above-mentioned laws.

The plaintiff also seems to argue that the original defendant and the Ketchikan Spruce Mills have been at all times and now are the same corporations with the same officers, directors, and stockholders. There is nothing in the amended complaint to support such a contention.

An order sustaining the demurrer should be entered.