[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 228 
The plaintiffs procured a summons to be issued in which Joseph Brago was the only defendant named, whereby he was warned to answer the annexed complaint in which he was again named sole defendant. The sheriff of Cumberland County returned the summons and complaint served "upon within-named defendant, Joseph Brago, by leaving true copies thereof with a member of the family above the age of fourteen years (namely Angelina Brago, wife of James Brago and sister-in-law of Joseph Brago) at her usual place of abode, Valley Ave., Main Road, Landis Township, Cumberland County, New Jersey." Joseph, who lived in Maryland, through his attorney Mr. Eichmann, gave notice of motion to dismiss. The plaintiffs then learned that the man whom they intended to sue was named James, not Joseph, and they realized that the running of the Statute of Limitations now prevented them from bringing against him a new suit. So they notified James of a motion for leave to amend the summons and complaint "by correcting the name of Joseph Brago by which you have been designated in the above entitled suit to James Brago your true name." After argument, this motion was granted by the Law Division and James appeals.
We would have little difficulty in affirming if we were satisfied by the record that James had been summoned to answer the complaint; that he had received a notice of *Page 229 
such character that he was aware that he was the defendant in the action, although misnamed. But the return of the sheriff shows plainly that he left the papers with Mrs. James Brago, not as substituted service on her husband, but as service on Joseph. We may surmise that she showed the summons and complaint to James, who read them, and recognized that the subject of the suit was an automobile accident in which he had been involved. Perhaps he considered that he was actually the defendant, or perhaps he believed that his brother Joseph was being sued by mistake. We cannot speculate on his mental processes. On the record, James was not served, he was not brought into court; he was not subject to the jurisdiction of the court when the order for the amendment was made. Where the proper defendant has been served, a misnomer in the summons may be corrected. Jefferson v. Hotel Cape May,82 N.J.L. 32 (Sup. Ct. 1911); Stevens-Davis Co. v. PeerlessService Laundry, 112 N.J.L. 304 (Sup. Ct. 1934); Kantor v.Asbury Park Press, 116 N.J.L. 379 (Sup. Ct. 1936). But the summons cannot be amended where the amendment would make the record show that a person has been served and brought into court when actually he has not been served, or even when it is doubtful whether he has been served. Hubbard v. Montross Metal ShingleCo., 79 N.J.L. 208 (Sup. Ct. 1909); Coventry v.Barrington, 117 N.J.L. 217 (E. A. 1936); Laute v.Gearhart, 11 N.J. Misc. 117; affirmed, 112 N.J.L. 382 (E. A. 1933). The amendment of the summons in the present case was erroneous.
The amendment of the complaint presents a somewhat different question. Joseph moved for a dismissal as against himself and does not object to the amendment that erased his name and substituted James as defendant. The amendment of the complaint does not prejudice James for, as we see it, he has not yet been brought to court. The case may be considered as one in which no process has issued. Rule 3:3-1 states that an action is commenced by filing a complaint with the court. Does the mere filing of the complaint stop the running of the Statute of Limitations? Assuming that filing has such an effect generally, we next ask. *Page 230 
Where there is a slight misnomer, Joseph for James, does the filing of the complaint still stop the running of the statute? That there happens to be a Joseph Brago living in Maryland seems of no consequence in this connection, for it would be a most rare name that, inserted by mistake, would not be the true name of someone living within a hundred miles or so of Cumberland County. With the complaint amended and James brought in by a new summons, what then of the Statute of Limitations? These questions have not been argued and we will not attempt to answer them. They are problems for the Law Division.
The order is reversed so far as it purports to amend the summons and affirmed as to the amendment of the complaint. No costs on appeal are allowed to either party.