27 N.J. Super. 417 (1953)
99 A.2d 552
MARGARET MARKEY AND WILLIAM MARKEY, PLAINTIFFS,
v.
ROBERT HALL CLOTHES OF PATERSON, INC., DEFENDANT.
Superior Court of New Jersey, Hudson County Court Law Division.
Decided September 22, 1953.
*418 Messrs. Gardner & Williams, attorneys for the plaintiffs.
Mr. John W. Taylor (Mr. John E. Wolf, appearing), attorney for the defendant.
*419 DUFFY, J.C.C.
This matter is before me on defendant's motion for summary judgment and plaintiffs' counter-motion to amend the complaint.
Plaintiffs, who are husband and wife, aver, through the affidavit of their attorney, that Margaret suffered an injury while shopping in a store known as Robert Hall Clothes. The complaint charges negligence and fixes the time of the occurrence as December 17, 1950 and the place as 125 Getty Avenue, Clifton, New Jersey.
The affiant further declares that he was consulted by the plaintiffs on December 2, 1952 regarding a possible cause of action. He immediately wrote to the Secretary of State at Trenton, New Jersey, inquiring the name of the registered agent of Robert Hall Clothes. He received a reply, dated December 5, 1952, signed by the Secretary of State, advising:
"* * * TAPCO, INC., was incorporated under the laws of this State September 20, 1943 changed its corporate name to Robert Hall Clothes of Paterson, Inc., April 17, 1946 and is still in good standing insofar as our records show.
Principal office is located at 15 Exchange Pl., Jersey City, N.J. and The Corporation Trust Company is the registered agent.
P.S. There is no record on file of a corporation bearing the title `ROBERT HALL CLOTHES.'"
The complaint against the above-named defendant was filed on December 13, 1952. The defendant filed its answer consisting of a general denial and setting up the separate defense of negligence on the part of plaintiff Margaret Markey.
Further investigation and the use of interrogatories revealed that there are 14 corporations, bearing very similar names, either organized under the laws of New Jersey or licensed to do business here. For example, there is Robert Hall Clothes of Clifton, Inc., Robert Hall Clothes of Paterson, Inc., Robert Hall Clothes of Trenton, Inc., etc. All 14 corporations have the same registered agent and, with one exception, all have the same persons as officers.
Plaintiffs by their motion seek to amend their complaint to substitute the name of Robert Hall Clothes of *420 Clifton, Inc. as party defendant. Before discussing the motion, I mention in passing that the statute of limitations (two years), R.S. 2:24-2 (now N.J.S. 2A:14-2), had tolled at the time it was made. Plaintiffs contend they are entitled to the amendment because the present complaint was filed within time. They point out that the rules provide that a civil action is commenced by filing a complaint with the court. Rule 3:3-1 (now R.R. 4:3-1). And that a pleading may be amended by leave of court, Rule 3:15-1 (R.R. 4:15-1), which "leave shall be freely given when justice so requires." They argue that because of the interlocking corporate set-up with the same corporate officers serving in the same capacities in the various organizations, and the same registered agent for each of the individual corporations, knowledge by the officers and agents of one corporation must be construed to be knowledge of the affairs of another similarly operated corporation. Such a construction would offend the power granted to every corporation organized under the laws of this State "to sue and be sued in any court," R.S. 14:3-1(b) and, inferentially, in its own corporate name.
It has long been the established rule in this State that "the statute of limitations makes the lapse of time a positive and legal bar," Thorpe v. Corwin, 20 N.J.L. 311, 316 (Sup. Ct. 1844). This principle has been reiterated on many occasions. Chief Justice Beasley declared in Ryder v. Wilson's Executors, 41 N.J.L. 9 (Sup. Ct. 1879), that
"* * * when a right of action has become barred under existing laws, the right to rely upon the statutory defense is a vested right, that cannot be rescinded or disturbed by subsequent legislation."
More recently, the rule was restated in State v. Standard Oil Co., 5 N.J. 281, 293 (1950):
"The principle is embedded in our jurisprudence that where a right of action has become barred under existing law, the statutory defense constitutes a vested right which is proof against legislative impairment." *421 See also, Miller v. Board of Chosen Freeholders, Hudson County, 10 N.J. 398, 403 (1952). It needs no authoritative citation to infer that the restrictive limitation imposed upon the Legislature to revive a right of action already barred by the statute of limitations applies with equal force to such action by the judiciary. As shown by the above quotations, the accrued right is a vested right. The benefits can be waived by consent, Clark v. Augustine, 62 N.J. Eq. 689 (Ch. 1902), or by express agreement, Freeman v. Conover, 95 N.J.L. 89 (E. & A. 1920) or upon failure to affirmatively set up the defense in the answer, Waldorf v. Untermann, 10 N.J. Super. 188 (App. Div. 1950).
Plaintiffs argue the decision in Hartford Accident & Indemnity Co. v. Interstate Equipment Corporation, 74 F. Supp. 791 (D.C.N.J. 1947), in support of their motion. In that case there were three corporations, one organized in New Jersey, one in New York and one in West Virginia, each bearing the same exact name. Each maintained the same registered agent located in Elizabeth, New Jersey. Process was issued against the New Jersey corporation although the New York corporation was the proper defendant. The answer filed by the New Jersey corporation met the complaint on its merits with no indication that it was not the proper party defendant. In the meantime the statute of limitations tolled. The court permitted the amendment, saying:
"One cannot escape the conclusion that the answers filed in these cases were interposed for no other purpose than to lull the plaintiff into a sense of security until the fast running Statute of Limitations would rise up and prevent suits against the New York corporation."
This case can be distinguished from the one sub judice. First, the names of the corporations, e.g., Robert Hall Clothes of Paterson, Inc., Robert Hall Clothes of Clifton, Inc., etc., are distinctly different whereas in the Hartford case they were exactly the same. Secondly, the answer of defendant filed in the present case denied that it owned and *422 operated a clothing store at 125 Getty Avenue, Clifton, New Jersey. Surely, such answer was sufficient to put plaintiffs on notice that Robert Hall Clothes of Paterson, Inc., was not the proper party defendant.
See also, Laute v. Gearhart, 11 N.J. Misc. 117 (Sup. Ct. 1933), wherein the law expressed in Girardi v. Laquin Lumber Co., 232 Pa. 1 (Sup. Ct. 1911), is cited with approval:
"If the effect of the amendment is to correct the name under which the right party is sued, it will be allowed; if it is to bring in a new party, it will be refused."
It is unfortunate that the plaintiffs waited so long to assert their right of action. Their counsel is to be complimented for the promptness with which he proceeded and is blameless for this termination of their suit.
Defendant's motion for summary judgment will be granted. Plaintiffs' motion to amend the complaint will be denied.
I will sign an appropriate judgment.