53 N.J. Super. 102 (1958)
146 A.2d 544
ANNABELLE SMITH AND ROBERT SMITH, HER HUSBAND, PLAINTIFFS,
v.
THERMO-FAX CORP., A CORPORATION, DEFENDANT.
Superior Court of New Jersey, Law Division.
Decided November 25, 1958.
*103 Mr. Milton Malkin, attorney for plaintiffs.
Messrs. Schneider, Lustbader & Morgan, attorneys for defendant.
SCHERER, J.S.C.
Defendant moves to quash service of the summons in the above matter on the ground that "there is no such defendant as served." Defendant, in its affidavit attached to the notice of motion, states that its correct corporate name is Thermo-Fax Sales Incorporated, and that it is a corporation of the State of Delaware authorized to transact business in the State of New Jersey. It further alleges that so far as it is aware there is no such corporation as Thermo-Fax Corporation. Subsequent to the service of the notice of motion plaintiffs filed and served an amendment to the complaint, correcting the name of the defendant to Thermo-Fax Sales Incorporated.
R.R. 4:15-1 provides that a party may amend as a matter of course at any time before a responsive pleading is served. Otherwise, he may amend only by leave of court or by written consent of the adverse party. The same rule provides that leave to amend shall be freely given "when justice so requires."
*104 At the argument the defendant stated that under ordinary circumstances consent to the amendment would have been given but, in view of the fact that the statute of limitations has run against the plaintiffs' claim, it would not consent.
The cause of action is founded upon negligence. The female plaintiff alleges in the complaint that she suffered a serious rash and skin condition as a result of the use of a chemically treated Thermo-Fax paper used in a copying machine known as a Thermo-Fax copying machine. She used this paper and machine at her place of business. The male plaintiff sues per quod. The complaint further alleges that the defendant is engaged in the business of manufacturing and selling Thermo-Fax copying machines and chemically treated paper known as Thermo-Fax paper, and that it was under a duty to warn persons using the chemically treated paper of the risks inherent therein, which it failed to do. The injury is alleged to have occurred on or about October 26, 1956.
The sheriff's return shows that service of the summons and complaint was made on September 25, 1958 on Thermo-fax Corp., a corporation, by serving "John A. O'Hea, Managing Agent," at its usual place of business, 31 Lincoln Park, Newark, N.J. The affidavit filed by the defendant in support of its motion is made by John A. O'Hea, who says that he is branch sales manager for Thermo-Fax Sales Incorporated of 33 Lincoln Park, Newark, N.J. Quashing service of the summons, therefore, will result in the plaintiffs' cause of action being barred by the statute of limitations, which in this case is two years. N.J.S. 2A:14-2.
Had the notice of motion to quash been served promptly after the receipt of the summons and complaint by the defendant, the plaintiffs would have been warned about their difficulty in sufficient time to amend the summons and complaint and reissue the same before the statute of limitations had run. The affidavit attached to the notice of motion is dated October 22, 1958. It was served by certified mail upon the attorney for the plaintiffs, and the mailing took place on October 27, 1958 (one day after the statute of *105 limitations had run). Both of these dates are more than 20 days after the service of the summons. The motion was made returnable November 7, 1958.
The affidavit filed on behalf of the plaintiffs sets forth the facts regarding the inadvertent use of the incorrect name of the defendant and states that the defendant intended to be sued was Thermo-Fax Sales Incorporated, and that immediately upon being apprised of the error by receiving the notice of motion an amendment to the complaint was served and filed on October 31, 1958.
There is considerable doubt as to whether the defendant's motion can properly be brought, since more than 20 days had elapsed after service of the summons before the notice of motion was served and filed. R.R. 4:12-1(a) requires a defendant to serve his answer within 20 days after service upon him of the summons and complaint. While R.R. 4-12-2(c) and (d) provide that defenses of insufficiency of process and insufficient service of process may be made by motion, it is implicit in this rule that such steps must be taken within the 20-day period allowed for answering, unless the time is properly extended. See Galler v. Slurzberg, 22 N.J. Super. 477 (App. Div. 1952), where the court, referring to Rule 3:12-2 (the predecessor to R.R. 4:12-2), said that objection as to service of process may be made in an answer or by motion.
It needs no citation of authority for the proposition that amendments to pleadings are allowed with great liberality. See cases collected under R.R. 4:15, Schnitzer & Wildstein, New Jersey Rules Service, A IV-361 et seq. Whether a notice of motion constitutes an answering pleading, thus requiring the plaintiff to secure leave of court or consent of the defendant before he can amend his complaint, is doubtful. Whalen v. Young, 28 N.J. Super. 543 (Law Div. 1953), reversed on other grounds 15 N.J. 321 (1954); In re Rogers' Estate, 15 N.J. Super. 189 (Cty. Ct. 1951).
The situation here is similar to that in Patrick v. Brago, 4 N.J. Super. 226 (App. Div. 1949). There, a summons was issued to Joseph Brago. Service was made by serving *106 Angelina Brago, wife of James Brago and sister-in-law of Joseph Brago, at her usual place of abode in New Jersey. Joseph Brago, however, lived in Maryland. He gave notice to dismiss the complaint. The plaintiffs then learned that the man whom they intended to sue was James Brago, not Joseph Brago, and being confronted with the running of the statute of limitations, which prevented a new suit being brought against James Brago, they, by notice of motion to him, sought to amend the summons and complaint by correcting the name of Joseph Brago to James Brago. The motion was granted by the Law Division. The Appellate Division held that it would have no difficulty in affirming if it were satisfied by the record that James had been summoned to answer the complaint; that he had received a notice of such character that he was aware that he was a defendant in the action, although misnamed. The court cited numerous cases for the proposition that where the defendant has been served a misnomer in the summons may be corrected, but that it cannot be amended where such amendment would make the record show that a person has been served and brought into court when actually he has not been served, or when it is doubtful whether he has been served.
In the present case there is no doubt that the proper defendant was summoned to answer the complaint and was aware that it was the defendant intended to be named. Mr. O'Hea in his affidavit admits that he, as branch sales manager of Thermo-Fax Sales Incorporated, was the person served. No claim is made that O'Hea is not a proper person to receive service for Thermo-Fax Sales Incorporated under R.R. 4:4-4(d). O'Hea in his affidavit states that Thermo-Fax Sales Incorporated is the sole seller of Thermo-Fax copying products in this State and that its principal office here is at 33 Lincoln Park, Newark, N.J. The sheriff's return indicates that O'Hea was served at 31 Lincoln Park, Newark, N.J. The Newark Directory reveals that the address of the building at that location is 31-33 Lincoln Park. There can be no doubt, therefore, as to the fact that the proper defendant was served. The allegations of the *107 complaint made the defendant aware that, despite the incorrect name, it was the corporation intended to be sued.
To deny the plaintiffs their day in court on such a technical pleading deficit is entirely contrary to the modern concept of the administration of justice. See Andes v. Boyajian, 12 N.J. Super. 344 (Ch. Div. 1951). Welsh v. Board of Education of Tewksbury Tp., 7 N.J. Super. 141 (App. Div. 1950), is not to the contrary.
An order will be entered denying the defendant's motion and allowing the plaintiffs to amend the summons and complaint to state the proper corporate name of the defendant. Defendant may have 20 days from the date of the entry of such order within which to file its answer or take any other steps addressed to the complaint. No costs.