71 N.J. Super. 202 (1961)
176 A.2d 538
ANN ESKON, SINGLE, PLAINTIFF,
v.
FOUR STAR REALTY CO., A CORPORATION, DEFENDANT.
Superior Court of New Jersey, Law Division.
Decided December 8, 1961.
*204 Mr. Albert M. Neiss argued the cause for plaintiff.
Mr. Robert E. Monaghan argued the cause on behalf of the defendant (Messrs. Schneider, Lustbader and Morgan, attorneys).
GIULIANO, J.S.C.
The above entitled matter came before this court on defendant's motion for summary judgment and plaintiff's cross-motion for an order amending the complaint.
The plaintiff, Ann Eskon, filed a complaint on February 14, 1961 alleging that on or about March 13, 1959, while she was walking on the public sidewalk abutting defendant's premises, she was caused to slip and fall due to defendant's negligence in improperly clearing ice and snow from its sidewalk. Further, that defendant's failure to clear a portion of the sidewalk so hampered the use of the public sidewalk that it constituted a nuisance which increased the hazard and proximately caused plaintiff's fall and resultant injuries.
Summons was served February 23, 1961 upon "Four Star Realty Co. at its usual place of business, 245 South Street, Newark, New Jersey, by delivering a copy thereof together with a copy of the complaint to William Loeffler, managing agent."
The complaint which listed the defendant as "Four Star Realty Co., a corporation," set out that at the time of the alleged accident and injury the defendant, Four Star Realty Co., a corporation, owned, managed, operated and was in control of certain premises situated at and known as 50 South Harrison Street, East Orange, New Jersey.
The defendant filed an answer on March 10, 1961 denying all of the allegations of the complaint, and then by way of separate defenses charged plaintiff with contributory negligence and assumption of risk, unavoidable accident, and additionally, that the injury to plaintiff was caused by a third person over whom defendant had no control.
*205 On March 9, 1961 defendant served interrogatories upon the plaintiff, and upon plaintiff's failure to serve answers thereto moved for an order dismissing the action pursuant to R.R. 4:22-4. Thereafter, on May 26, 1961 plaintiff was ordered to serve answers to the interrogatories within 30 days.
This motion for summary judgment was filed on September 7, 1961. Defendant's main argument in support of the motion is set out as follows:
"The Plaintiff Has Failed To State A Claim Against The Moving Party In That Said Party Is Not The Proper Defendant And Not The Owner Of The Premises Where The Alleged Incident Occurred."
The thrust of defendant's argument is that the complaint named as defendant Four Star Realty Co., a corporation, and that such a defendant does not exist. Four Star Realty Co., a partnership, does in fact exist but said partnership does not own, manage, operate or control premises located at 50 South Harrison Street. Further, that William Loeffler the party upon whom service of the summons was made, is in no way associated with the partnership "Four Star Realty Company," a fact which makes the service of process a nullity.
Anticipating a motion by plaintiff to amend the complaint, defendant in its brief argues that the granting of such a motion would in effect bring into court a defendant who had never been served with a summons and would re-create a cause of action which existed but which has expired by reason of the two-year limitation imposed by N.J.S. 2A:14-2.
On October 23, 1961 plaintiff filed a cross-motion to amend the complaint, which would change the defendant's name to "Four Star Realty Co., a partnership" instead of "Four Star Realty Co., a corporation," and to change the street number of the premises upon which plaintiff claims her fall occurred from "50 South Harrison Street, East *206 Orange, New Jersey" to "56 South Harrison Street, East Orange, New Jersey."
Plaintiff takes the position that pursuant to R.R. 4:12-8 the defendant has waived any applicable defenses enumerated in R.R. 4:12-2. Further, that defendant should be estopped from raising the aforesaid defenses on equitable grounds, and in any event, since the intended defendant has made a general appearance, it is subject to the jurisdiction of this court.
Initially plaintiff argues that pursuant to R.R. 4:15-1 amendments to pleadings should be freely given. While it is true that permission to amend is to be given freely when justice requires, Jersey City v. Hague, 18 N.J. 584, 602 (1955), it is also to be considered that such applications are not mere formalities but that they "involve the exercise of the sound discretion of the court." Associated Metals & Minerals Corp. v. Dixon Chemical & Research, Inc., 52 N.J. Super. 143, 150 (Ch. Div. 1958).
After hearing the arguments and considering the briefs and affidavits on file, it is the opinion of this court that under the circumstances of this case the plaintiff cannot be permitted to correct the erroneous selection of a defendant and subsequent service thereon.
Plaintiff alleges in her complaint that her cause of action accrued on March 13, 1959. Plaintiff retained as her attorney a Mr. Albert M. Neiss, who has represented her in this action since a date at least prior to May 6, 1959. Mr. Neiss by affidavit states that efforts to adjust this matter were made with representatives of the intended defendant's insurance carrier until the early part of 1961.
The complaint was filed on February 14, 1961 and service made on February 23, 1961. The defendant, if it so wished, could have let the statute run on plaintiff's claim before answering the complaint and could still have served a timely answer. In fact, had the intended defendant chosen not to answer, the cause of action would have expired since the complaint was directed at a non-existent *207 entity. However, 14 days after service of the summons and complaint the defendant served its answer upon the plaintiff. This left the plaintiff an additional six days in which to move to amend the complaint prior to the expiration of the statutory period. The plaintiff through her attorney Mr. Neiss had at least 22 months in which to make a correct determination as to the identity of the person or persons who were liable for her injury.
This case is not unlike the case of Coventry v. Barrington, 117 N.J.L. 217 (E. & A. 1936). There the plaintiffs erroneously designated the intended defendant as a corporation, whereas in fact it was a partnership. One of the partners was actually served, but in the capacity of registered agent for a non-existent corporation. Our former Court of Errors and Appeals, in affirming the trial court's denial of a motion to amend the complaint after the statute of limitations had tolled, said:
"To have allowed the amendment under the circumstances would be to recreate a cause of action which had existed but had expired by lapse of time fixed by the statute for instituting the suit. Such action would be a disregard of the statutory mandate.
The intended amendment was substantial, not formal. It proposed to bring in a new party which theretofore had not been made a party to the action. It would have affected substantial rights." (at page 219)
Speaking of the effectiveness of the service, the court said:
"This service was in effect a nullity. No such entity was existent. That being so, it follows that Nadelberg could not, in the very nature of things, be a `registered agent' for a principal that had no legal being. The parties now sought to be charged by the mechanics of amending the process and pleadings were not served or brought into court before the two year statutory limitation had expired." (at pages 218-219)
The plaintiff in the instant case argues that the defendant should be estopped from asserting the rule of the Coventry case because of its conduct in this action. Plaintiff claims that defendant's failure to move to quash the *208 service of summons, and its conduct generally during the course of negotiations, lulled her into believing she was suing the proper party.
It must be remembered that this suit was commenced some 23 months after the cause of action accrued. The defendant was under no obligation to supply the plaintiff with any information prior to the commencement of the action. Therefore, in relation to what occurred between the parties prior to that date, plaintiff's inability to obtain the correct name of the defendant must be attributable to her own neglect. Cf. Tortorello v. Reinfeld, 6 N.J. 58 (1950).
In the case of Dunlevy v. Martin Dennis Co., 30 N.J. Super. 446 (Law Div. 1954), an amendment to the complaint was permitted after the statute of limitations had tolled. The court distinguished Coventry v. Barrington, 117 N.J.L. 217 (E. & A. 1936), and Markey v. Robert Hall Clothes of Paterson, Inc., 27 N.J. Super. 417 (Cty. Ct. 1953), from the case then at bar. The court said:
"The true defendants [in Coventry v. Barrington] had been entirely passive, having done nothing whatever to influence the plaintiff's error." (30 N.J. Super., at page 454)
and:
"Also in the Markey case both of the corporations had been entirely passive in the situation presented. No equitable principle was involved." (at page 455)
The court also said:
"Uniformly lacking [in the cases cited by plaintiff] is that element which is so essential and conspicuous here, an ambiguous identity designedly created by the party in actual control of operations at the time of the injury alleged." (at page 453) (Emphasis added)
This court is not convinced that the intended defendant attempted to hide its identity or prevent its being *209 recognized for what it is, a partnership. The affidavits submitted to this court indicate that plaintiff was put on notice soon after the accident that the intended defendant was not a corporation. Prior to May 6, 1959 a representative of the intended defendant's insurance carrier, a Mr. Condon, read the policy sheet to Mr. Neiss and referred to the insured as "Four Star Realty Co. (Irma M. Blaus)." In a subsequent letter written by Mr. Neiss to the insurance carrier he referred to the intended defendant as "Four Star Realty Co. (Irma M. Blaus)." The disclosure of the name Irma M. Blaus in parentheses after the company name should have indicated to the attorney for plaintiff that the intended defendant was a partnership, not a corporation.
Plaintiff relies on the case of Smith v. Thermo-Fax Corp., 53 N.J. Super. 102 (Law Div. 1958), in support of her argument as to defendant's failure to move to quash service of summons. In that case plaintiff filed an erroneously titled complaint and made service one month before the tolling of the statute of limitations. Instead of answering the complaint the defendant moved to quash the service of summons one day after the statute of limitations had run. The court said:
"Had the notice of motion to quash been served promptly after the receipt of the summons and complaint by the defendant, the plaintiffs would have been warned about their difficulty in sufficient time to amend the summons and complaint and reissue the same before the statute of limitations had run." (at page 104)
There is language by the court in Smith (by way of dictum) that if the defenses of insufficiency of process and insufficiency of service of process (R.R. 4:12-2(c), (d)) are made by motion, they must be made within the time period allowed for the answer. However, the existence of such a rule did not affect the disposition of that case, nor does it affect the disposition of the present action. In the Smith *210 case the court decided the issue on the basis of the rule that a misnomer in the summons may be corrected where the intended defendant was actually served. Patrick v. Brago, 4 N.J. Super. 226 (App. Div. 1949).
The court, therefore, held that the deficiency was only a technicality. It must be remembered that the plaintiff in Smith listed the defendant as Thermo Fax Corp., while its true name was Thermo Fax Sales Incorporated. It is clear that a corporation was being sued, bearing almost the exact title as the intended defendant. Further, the intended defendant's registered agent was served at the corporation's usual place of business. With facts such as those before it, a court would have no difficulty in holding that the proper defendant was summoned to answer the complaint and was aware that it was the defendant intended to be named.
Such facts are not before the court in this action. Here a corporation was listed as the defendant, while in reality the intended defendant was a partnership. In addition, service was made upon a person having no connection with the intended defendant.
Plaintiff argues further that the intended defendant's answering of the complaint, serving interrogatories and moving to dismiss for failure to serve answers to interrogatories, and making this motion for summary judgment, constitutes a general appearance which subjects it to this court's jurisdiction for all purposes.
A defendant by pretrial activity such as is set out above waives his right to contest insufficiency of process or insufficiency of service of process unless he has first raised his defenses of personal jurisdiction by motion or answer, or has in his answer reserved the right to so argue at a later time. Dion v. Gicking, 43 N.J. Super. 507 (App. Div. 1957).
It is true that by its actions the intended defendant entered what would normally be considered a general appearance. None of the above defenses were raised in the *211 answer or reserved in the answer for later argument. It is also true that a general appearance has the same effect as if the defendant had been properly served. R.R. 4:4-6. This rule, however, cannot make a person a defendant in an action if in fact a complaint was never filed naming him as such. A civil action is commenced by filing a complaint with the court. R.R. 4:3-1. No action has ever been commenced against the intended defendant in this case in accordance with R.R. 4:3-1. To hold otherwise would be contrary to the rule.
In Markey v. Robert Hall Clothes of Paterson, Inc., 27 N.J. Super. 417 (Cty. Ct. 1953) a motion to amend the complaint was denied after the statute of limitations (R.S. 2:24-2, now N.J.S. 2A:14-2) had tolled. In that case the plaintiffs had retained an attorney only a few weeks before the cause of action was to expire. The attorney immediately wrote to the Secretary of State at Trenton, New Jersey, seeking the name of the registered agent of Robert Hall Clothes, the name which was given to him by the plaintiffs. He was informed by that office that there was no such corporation in New Jersey bearing that title. By the time he learned the exact title of the intended defendant through interrogatories and other investigation, the statute had tolled. The attorney, of course, had filed a complaint, but it listed the defendant under the erroneous title given him by the plaintiffs. The court said:
"It is unfortunate that the plaintiffs waited so long to assert their right of action. Their counsel is to be complimented for the promptness with which he proceeded and is blameless for this termination of their suit." (at page 422)
In this case the attorney for the plaintiff had more than sufficient time in which to make a correct determination as to the true identity and title of the intended defendant. There were many avenues open to him had he acted expeditiously. The last cited case points up but a few of these. If the complaint had been filed early enough, the *212 pretrial discovery methods provided by our rules could have been utilized advantageously.
It is unfortunate that plaintiff must be denied the right to pursue her cause of action because of the manner in which her attorney proceeded. However, this court is bound by the decisions cited in this opinion to deny the amendment, since it would have the effect of bringing in a new party after the statute of limitations has tolled rather than merely correcting the name under which the right party is sued.
Defendant's motion for summary judgment is granted. Plaintiff's motion to amend the complaint is denied.
An appropriate order may be submitted.