78 N.J. Super. 218 (1963)
188 A.2d 207
EVERETT MEARS, PLAINTIFF-APPELLANT,
v.
ECONOMY BRAKE SERVICE, INCORPORATED, A CORPORATION OF THE STATE OF NEW JERSEY, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued November 19, 1962.
Decided February 4, 1963.
*219 Before Judges PRICE, SULLIVAN and LEWIS.
*220 Mr. Sheldon A. Weiss argued the cause for appellant (Messrs. Zarin & Yormark, attorneys; Mr. Weiss, of counsel and on the brief).
Mr. Stanley G. Bedford argued the cause for respondent (Messrs. Mead, Gleeson, Hansen & Pantages, attorneys; Mr. Bedford on the brief).
The opinion of the court was delivered by PRICE, S.J.A.D.
By this appeal plaintiff challenges the propriety of an order of the Superior Court, Law Division, dismissing plaintiff's suit. The dismissal followed the court's refusal to permit plaintiff, after his alleged cause of action had been barred by the applicable section of the statute of limitations (N.J.S. 2A:14-2), to amend the complaint by inserting the name of "Economy Brake Service, a partnership," in place of the name "Economy Brake Service, Incorporated, a corporation of the State of New Jersey." The corporation (the correct name of which was Economy Brake Service) had been dissolved prior to March 28, 1960, the date plaintiff instituted his suit. In fact, the corporation had been dissolved by unanimous consent of the stockholders prior to the time when plaintiff's alleged cause of action arose on April 8, 1958. Plaintiff's reason for initially denominating Economy Brake Service as a corporation is not disclosed by the record.
By said suit plaintiff sought recovery of damages for personal injuries resulting from an automobile collision occurring on said last mentioned date. Plaintiff alleged that said accident was caused by defendant's negligent inspection and repair of a motor vehicle owned by one Wasserman and operated by plaintiff at the time of the accident. The complaint charged that defendant "was engaged in the business of auto repairs and more particularly in the installation service and repair of automotive brake and braking parts and devices," and that its alleged negligent inspection and repair of the motor vehicle's braking equipment, performed a few *221 days prior to the date of the aforesaid accident, was the proximate cause thereof.
The dismissal of plaintiff's action was based on the trial court's conclusion that the aforesaid partnership entity had not been legally served with process; had not properly been denominated as the defendant in the complaint; and that, as the two-year statutory period within which plaintiff's action might be instituted had expired long before the application to amend the complaint had been made, the action was no longer maintainable.
The sheriff's return showed service of the summons and complaint on March 31, 1960 upon "Economy Brake Service Incorporated * * * at its usual place of business 225 Elizabeth Ave., Newark, N.J." by serving "Meyer Bromberg, partner." Although it was conceded that the corporation had been dissolved by unanimous consent of its stockholders on August 20, 1957, an answer was filed on behalf of "Economy Brake Service, Incorporated, a corporation of the State of New Jersey, of 225 Elizabeth Avenue, Newark, New Jersey." Such answer was not filed until May 20, 1960 as a result of a written stipulation dated April 19, 1960, extending the time. The stipulation was entered into between the attorneys for plaintiff and the attorneys for defendant describing themselves therein as attorneys for "Economy Brake Service." The answer denied the allegations of negligence contained in the complaint, set forth certain affirmative defenses, but made no mention of the fact that the corporation had been dissolved in 1957. That information was disclosed to plaintiff on September 28, 1961 during the course of a deposition by Mr. Bromberg. The deposition was taken pursuant to a written notice given by plaintiff requiring the attendance for that purpose of the "General manager or person in charge of the brake repair service of said corporation on April 8, 1958."
The record before us reveals that following the dissolution of the corporation by action of its stockholders the same type of business had been continued at the same address, 225 Elizabeth Avenue, Newark, New Jersey, and under the same *222 name "Economy Brake Service" by a partnership formed by Bromberg and one Allen Cross, two of the three former stockholders of the dissolved corporation. The third stockholder, one Frank Barton, was described in Bromberg's deposition as "Inactive at all times. Just a silent stockholder." It was conceded that the partnership was conducting a "motor vehicle brake business, with related services," at the above address at the time when the allegedly defective work was performed, as well as when the accident occurred, and also at the time of the service of the summons and complaint.
At the pretrial conference held October 4, 1961, the court granted plaintiff's application to amend his complaint "to assert the correct name of the defendant" Economy Brake Service, a partnership. The aforesaid action of the trial court was reflected in paragraph 6 of the pretrial order as follows:
"6. The plaintiff seeks to amend his complaint to assert the correct name of the defendant from Economy Brake Service Inc. to Economy Brake Service, process having been made on Economy Brake Service, Inc.; services [sic] was effectuated upon one Meyer Bromberg, and the sheriff indicates that said Meyer Bromberg was a partner. The amendment is granted.
The defendant is given leave to file such appropriate motions as is felt are applicable to the Amendment for the change of name of this defendant. This also applies to Economy Brake Service, a partnership. It is also represented that the attorneys for defendant Economy Brake Service, Inc. do not appear for Economy Brake Service, a partnership, and that the ruling of the Court to amend the name of the defendant is over objection. Right is also reserved to Economy Brake Service, a partnership, to object to the Court's order."
The pretrial order also contained plaintiff's allegations as to the circumstances surrounding the happening of the aforesaid accident, and plaintiff's assertion that due to the defective work of the defendant the vehicle he was operating on the public highway "was caused to veer suddenly into the opposite lane of traffic" and the ensuing accident occurred.
The pretrial order, in addition to expressing defendant's denial of any claim of negligence and setting forth the *223 separate defenses to the plaintiff's complaint, specifically asserted that the defendant corporation had been dissolved as aforesaid.
Under date of November 29, 1961 defendant applied to the court for an order, returnable December 8, 1961, "to amend paragraph 6 of the Pretrial Order, heretofore entered on October 4, 1961, which paragraph substituted Economy Brake Service, a partnership, for the defendant Economy Brake Service, Incorporated, a corporation of the State of New Jersey." The trial court reserved decision on the motion and under date of January 16, 1962 rendered an opinion which, after reciting the aforesaid amendment and the action at the pretrial conference, concluded as follows:
"It further appears from the briefs, and from the arguments of counsel, that the first opportunity that the plaintiff had to discover that Economy Brake Service was not a corporation was on September 28, 1961 when depositions were taken. It appears from the pleadings and the briefs of counsel that Economy Brake Service, a Corporation, did not exist at the time of the filing of the action, or even at the time when the institution of the action commenced, to wit, April 8, 1958, and that prior to 1958, to wit, in 1957, Economy Brake Service, a Corporation, was changed to a Partnership known as Economy Brake Service.
The basic question before the Court is whether the plaintiff can at this time defeat the vested rights of the defendant in the bar of the Statute of Limitations by substituting the name of a partnership for the name of a Corporation. * * *"
The court's opinion then noted that the "present suit was instituted approximately one week before the right of the cause of action would have been barred by the Statute of Limitations" and concluded its opinion with the following finding:
"Inasmuch as the amendment would [a]ffect the substantial and vested rights of the defendant the motion to substitute Economy Brake Service, a Partnership for the named defendant, Economy Brake Service Incorporated, is denied, the court feeling that it is bound by the decisions cited in this opinion to deny the amendment since it would have the effect of bringing in a new party after the Statute of Limitations had tolled, rather than merely correcting the name of the defendant."
*224 In accordance with the trial court's conclusions the aforesaid order dismissing plaintiff's complaint was entered on February 16, 1962. The present appeal followed. The challenged order, after reciting the appearances for the respective parties, was as follows:
"* * * and it appearing that the complaint originally filed in this action having denominated Economy Brake Service, Inc., a corporation, as the defendant, and it appearing that process in this action was served upon one Meyer Bromberg, the Sheriff's return indicating that process was served on `Meyer Bromberg, partner,' and it appearing that on October 4, 1961, on motion of the plaintiff and over the defendant's objection, the pretrial order, in paragraph `6' thereof, amended the complaint so as `to assert the correct name of the defendant from Economy Brake Service, Inc. to Economy Brake Service,' and the defendant having reserved the right to move for reconsideration of said amendment, and having now moved to amend said paragraph `6' of the pretrial order by deleting said amendment, and the Court having considered the pleadings, the briefs and arguments of counsel, and the Court having concluded that the defendant's motion should be granted because the statute of limitations had then run for the addition or substitution of new parties, as more fully set forth in the Court's letter opinion dated January 16, 1962, which letter opinion is hereby incorporated by reference, and it further appearing that the granting of said motion is tantamount to a dismissal of the action as against Economy Brake Service, a partnership, and good cause appearing,
It is, on the 16th day of February, 1962,
ORDERED, ADJUDGED and DECREED that paragraph `6' of the pretrial order is amended so as to delete any reference to Economy Brake Service, a partnership, and it is further
ORDERED, ADJUDGED and DECREED that the action be dismissed as against Economy Brake Service, a partnership, and it is further
ORDERED, ADJUDGED and DECREED that there being no just reason for delay, the foregoing judgment be entered as a final judgment."
We turn to the record before us.
"[I]n order to facilitate the determination" of the legal issue projected by the appeal the parties, by their respective attorneys, on May 24, 1962 filed a written stipulation in this court. The stipulation recited that it was made "only for purposes of appeal and without any concession as to the relevancy or admissibility of the matters contained therein." The stipulation presented the following agreed statement of facts:
*225 "1. The firm of Mead, Gleeson, Hansen & Pantages represents the defendant, Economy Brake Service, in the above action.
2. Prior to the arising of the cause of action set forth in the complaint, there had been a corporation of the State of New Jersey known as `Economy Brake Service,' which was dissolved by action of the stockholders on August 20, 1957.
3. Economy Brake Service, a corporation, operated a motor vehicle brake business, with related services at 225 Elizabeth Avenue (Milford Avenue), Newark, New Jersey, and also owned real property, commonly designated as 225 Elizabeth Avenue, Newark, New Jersey.
4. The stockholders of said corporation were Allen Cross, Frank Barton and Meyer Bromberg, who were respectively the president, vice-president and secretary-treasurer.
5. After dissolution of the corporation, Allen Cross and Meyer Bromberg formed a partnership, of which Frank Barton was not a part, and the partnership was engaged in the motor vehicle brake business and related lines at 225 Elizabeth Avenue, Newark, New Jersey, and this partnership was doing business under the name of Economy Brake Service in April 1958.
6. The real property owned by the corporation at 225 Elizabeth Avenue, Newark, New Jersey, was conveyed by the corporation to Meyer Bromberg and Allen Cross on July 9, 1957, and by them to 225 Elizabeth Ave. Corp., a corporation of the State of New Jersey on September 3, 1957.
7. The Hardware Mutual Insurance Company is the liability insurance carrier who forwarded the matter to the attorneys for the defendant. The insured under their policy at the time of the accident is described as `Allen Cross & Meyer Bromberg D/B/A Economy Brake Service Co., 225 Milford Ave., Newark, N.J.' An inspection of the files of the Hardware Mutual Insurance Company discloses no record of insurance of a corporation named `Economy Brake Service' at the time of the accident or prior thereto.
It is further stipulated on the same terms and conditions as stated above, that the plaintiff may file the following affidavit of Thomas J. Murphy, Special Deputy Sheriff, dated March 20, 1962. The defendant does not dispute the statements contained therein."
The aforesaid affidavit by Mr. Murphy stated:
"1. I am a Special Deputy Sheriff and was a Special Deputy Sheriff on March 31, 1960.
2. On March 31, 1960, I made service in the above-entitled action.
3. On March 31, 1960 I proceeded to 225 Elizabeth Avenue, Newark, New Jersey where the Economy Brake Service had its place of business and was then directed to one Meyer Bromberg as the owner or boss of this establishment. I identified myself and stated my purpose and then inquired of him as to his relationship *226 to the firm in question. He responded by stating that he was a partner, and I thereupon made service upon him.
4. My personal records of service indicate exactly the following:
 `Economy Brake Service
 225 Elizabeth Avenue
 Served
 Meyer Bromberg, partner.'
My return to the court indicates service on Meyer Bromberg, as a partner."
The trial court, relying on Coventry v. Barrington, 117 N.J.L. 217 (E. & A. 1936); Markey v. Robt. Hall Clothes of Paterson, 27 N.J. Super. 417 (Cty. Ct. 1953), and Eskon v. Four Star Realty Co., 71 N.J. Super. 202 (Law Div. 1961), held, as above noted, that permitting the amendment requested by plaintiff would "have the effect of bringing in a new party after the Statute of Limitations had tolled, rather than merely correcting the name of the defendant."
Respondent, supporting the trial court's action, relies upon the above-cited decisions, among others. It contends, as expressed in its brief, that "if a verdict and judgment were obtained against the original defendant, execution could be had against the corporation, but no levy or execution could be made on the partnership. If the amendment is allowed, the assets of a totally different entity can be taken." It adds: "[I]n the instant case the improper party was named in the complaint, served and responded. * * * The corporation had been dissolved before the plaintiff instituted suit and the situation was readily ascertainable by the plaintiff through the Secretary of State." It further contends that the sheriff's return, dated March 31, 1960, should have put the plaintiff on notice that the corporation was the wrong defendant, with sufficient time for the plaintiff to amend. Asserting that neither it (Economy Brake Service) nor its attorneys "misled the plaintiff as to the identity of the defendant," the latter contends that although the trial court initially permitted the aforesaid amendment, its subsequent reversal of such action was warranted and its final judgment dismissing the suit against Economy Brake Service, a partnership, was *227 justified. As heretofore noted, defendant's right to challenge the aforesaid amendment of the complaint at the pretrial conference on October 4, 1961 was reserved at that time.
In resolving this appeal, we preliminarily deem it appropriate to refer to certain general legal principles applicable to the resolution of the problem posed. They are:
(1) Where a defendant is brought into an action for the first time upon the filing of an amended or supplemental complaint, the filing of such additional pleading constitutes the commencement of the action in so far as such new defendant is concerned. If at that time the action is barred by the statute of limitations, a party thus brought in may plead the statute in bar of his alleged liability.
(2) The correct designation of a defendant may be accomplished by amendment after the period defined by the statute of limitations has elapsed in certain instances, including those in which the amendment merely corrects a defect in the original proceeding or if the effect of the amendment is simply corrective of the name under which the proper party, already sued, is in court. Schnitzer & Wildstein, 2 N.J. Rules Serv. A IV-403 (1954).
(3) In many jurisdictions "the question whether an amendment which makes an addition to, change in, or substitution of, parties relates back to the commencement of the action or proceeding so far as the operation of the statute of limitations is concerned is one dependent to a great extent upon the provisions of the statutes relating thereto, which statutes differ to a marked degree in scope, contents, and language." Annotation, "Change in party after statute of limitations has run," 8 A.L.R.2d 6, 13 (1949).
In resolving an issue of the type here presented (whether the proposed amendment of process or pleading or both involves the correction of a mere misnomer or the substitution of a new party), it is essential that the facts of each case be scrutinized and assessed with care, because no general rule may properly be deemed controlling in all cases.
*228 As heretofore noted, the trial court as well as respondent on this appeal relied heavily on the Markey, Eskon and Coventry cases, supra. However, there exist in the case at bar certain important factors which we deem control the resolution of the issue here presented. We hereinafter discuss those controlling factors in detail but, preliminarily, certain factual differences between the instant case and the cited cases are to be noted.
Although this court is not bound by the County Court's decision in Markey and it is not to be considered that we are in accord therewith, it is noted that the trial judge in that case (in holding that after "the statute of limitations * * * had tolled" an amendment substituting one corporation for another would not be authorized) placed emphasis, inter alia, on the difference in the names of the corporations involved. 27 N.J. Super., at p. 421. In contrast, however, in the case at bar the partnership and the former corporation had the same name, Economy Brake Service.
In Eskon the opinion states (71 N.J. Super., at p. 205) that "William Loeffler the party upon whom service of the summons was made, is in no way associated with the partnership `Four Star Realty Company,'" the defendant against whom plaintiff's claim of injury was intended to be asserted. In the matter under review, Bromberg, at the time of the performance of the allegedly defective repair work and at the time of the service of the summons and complaint on him, was one of the two partners comprising the partnership, Economy Brake Service.
In Coventry service was attempted to be made upon a nonexistent corporation by serving one Benjamin Nadelberg, denominated in the sheriff's return as "registered agent" for the corporation. Not only was the corporation then nonexistent but, as a matter of fact, contrary to the situation in the case at bar, it never existed. The court noted (117 N.J.L., at p. 218) that Nadelberg could not be "a registered agent" for a principal which had "no legal being." In the cited case plaintiff's application to amend the pleading *229 and process, after the running of the statute of limitations, sought to substitute named individuals, Nadelberg and one Albert Richman, trading as a partnership, in place of the "corporation." Mr. Chief Justice Brogan, writing the opinion for the court, found no error in the trial court's holding that the effect of such an amendment "would be to add a new party after the statute of limitations had run." Ibid. In the instant case the proposed amendment designated the partnership by its name, Economy Brake Service, and did not name the individual partners as defendants. It is significant to note that at the time of the decision in Coventry (1936) a partnership was not suable in the firm name but only in the respective names of its individual members. X-L Liquors v. Taylor, 17 N.J. 444, 454-458 (1955). That restriction did not obtain under the practice existing at the time of the application to amend in the case at bar. Ibid.
In summary, the following factors (although varying in their importance and significance in our assessment of the propriety of the trial court's rejection of plaintiff's proposed amendment) have a direct bearing on the issue projected by this appeal:
1. Bromberg, the member of the partnership served with the summons and complaint, was, by such service, accomplished prior to the running of the statute of limitations, made aware (a) of plaintiff's allegation that he had been injured; (b) that plaintiff's alleged injuries had been proximately caused by allegedly defective repair work performed on the Wasserman automobile which was driven by plaintiff on April 8, 1958; and (c) that the criticized work was performed during the "first week of April, 1958," a period when, to the knowledge of Bromberg, the partnership of which he was a member was the operator of the auto repair shop under the partnership name of Economy Brake Service at 225 Elizabeth Avenue, Newark.
2. The error made in the complaint and process was simply in the descriptive designation of the entity with which Bromberg's relationship existed on April 8, 1958. The business of *230 the partnership and that of the former corporation was the same and was conducted under the same name and at the same location.
3. The situation in the instant case is totally dissimilar from those in which a new party is sought to be named by amendment after the running of the statute. Here the right person was served; he (Bromberg) knew that such service was made within the statutory period; he had correctly informed the deputy sheriff that he was a "partner" in Economy Brake Service, and a reading of the complaint demonstrated that the allegedly negligent work was performed during the partnership operation.
4. Bromberg forwarded the summons and complaint to the partnership's insurance carrier which, in turn, transmitted the documents to its attorneys. As noted, the latter, on behalf of Economy Brake Service, executed the aforesaid stipulation extending the time to file answer and thereafter filed answer on behalf of the "corporation." Still later the law firm appeared at the pretrial conference on October 4, 1961 on behalf of the "corporation," specifically noting in the subsequently executed pretrial order that the firm did "not appear for Economy Brake Service, a partnership." However, it is recorded in paragraph 6 of that order that "the ruling of the Court to amend the name of the defendant is over objection," and the right was therein "reserved to Economy Brake Service, a partnership, to object to the Court's order."
We note that the entry into the aforesaid written stipulation, between attorneys, filed on this appeal was made "without any concession as to the relevancy or admissibility of the matters contained therein." We emphasize the attorneys' reservation at this point simply to record the fact that we deem irrelevant (a) that the Hardware Mutual Insurance Company was the public liability insurance carrier for the partnership, the policy describing the assured as "All[e]n Cross and Meyer Bromberg D/B/A Economy Brake Service Co. * * *"; and (b) that the said insurance company's files "disclose no record of insurance of a corporation named *231 `Economy Brake Service' at the time of the accident or prior thereto." Although we consider immaterial the existence or nonexistence of liability insurance as to the partnership and former corporation respectively, we deem it of some significance that Bromberg promptly forwarded the summons and complaint to the partnership's liability insurance carrier. That act demonstrates the partnership's recognition (through the medium of its partner Bromberg) that it was the defendant against whom relief was sought. It had notice of the nature of plaintiff's claim and clearly was not misled by the misdescription in the original complaint.
We hold that the aforesaid amendment should have been allowed as there is not the slightest doubt that plaintiff intended to assert his claim against the operator of the business at the site in question; that the partnership was such operator; that the real party in interest was the entity operating the business under the trade identification "Economy Brake Service"; and that its member (Bromberg) was served within the statutory period and became aware of plaintiff's claim within that period. Service on Bromberg, a partner, constituted legal service on the partnership entity (R.R. 4:4-4(e)) named in the proposed amendment. Those factors, in our opinion, are controlling.
Under all of the circumstances revealed by the record before us we consider that plaintiff's proposed amendment was in essence the correction of a misnomer only. The subject matter of plaintiff's alleged cause of action should be resolved on its merits.
The aforesaid summary judgment is reversed and the case remanded to the Law Division for trial.
SULLIVAN, J.A.D. (concurring).
I am in complete agreement with the conclusion of my brethren that the partnership was in court as a defendant from the commencement of suit, and that plaintiff's proposed amendment sought to do no more than correct a misnomer.
*232 As pointed out in the majority opinion, when the Coventry case was decided, a partnership could only be sued by naming the individual partners as defendants. The failure to name the individual partners in the original suit was the basis on which Coventry turned. This is no longer the law in this State and was not the law when the instant suit was commenced. A partnership may now be sued in the partnership name. Therefore, Coventry is not to be followed in the case at bar.
I concur in the reversal.