90 N.J. Super. 550 (1966)
218 A.2d 647
EMMA BRADLEY, PLAINTIFF-APPELLANT,
v.
HARRY POWLES, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued March 21, 1966.
Decided April 1, 1966.
*551 Before Judges CONFORD, KILKENNY and LEONARD.
Mr. John Selawsky argued the cause for appellant (Messrs. Marcus & Levy, attorneys).
Mr. Gerald M. Gorrin argued the cause for respondent (Messrs. Lieberman, Gorrin, Connors & Ironson, attorneys).
PER CURIAM.
Plaintiff appeals from an order of the Superior Court, Law Division, denying her motion to amend the complaint and the summons so as to designate the defendant as "Harry Powles, a/k/a Henry Powles, the person intended being the operator of the vehicle involved" in an accident which occurred on January 23, 1963, and as the result of which plaintiff suffered personal injuries for which she brought this suit. Plaintiff also appeals from a summary judgment entered in favor of defendant Harry Powles on the basis of affidavits showing that no agency relationship existed between Harry Powles, the owner of the vehicle in question and Henry E. Powles, his son, who was the operator of the vehicle which allegedly struck plaintiff as she was walking across Monroe Street in the City of Passaic, New Jersey.
Harry A. Powles, the father, was the owner of the automobile which was being driven at the time of the accident by his son, Henry E. Powles. In the title of the complaint the defendant was designated simply as "Harry Powles." In the body of the complaint the defendant was not named at all, but was referred to as the owner and operator of the motor vehicle. The complaint reasonably indicates that the intended defendant was the operator of the vehicle. The gist of the action lies in the assertion that the defendant was operating the vehicle and did so "negligently, carelessly and *552 recklessly so as to cause same to collide with the person of the plaintiff." But for the reference to defendant as also being the owner of the vehicle, there would be no doubt that the person sued was the operator.
The complaint was filed on January 15, 1965, just prior to the expiration of the two-year statute of limitations. A copy of the summons and complaint was apparently served upon Harry A. Powles, the father, personally at his dwelling house, but that was also the usual place of abode of his son and would have constituted good service upon the son also if he were the intended defendant. R.R. 4:4-4(a).
The motion to amend was not made until after the statute of limitations had run when, during the pendency of depositions, the ambiguity in the situation was discovered. The trial court denied the motion on the theory that plaintiff was seeking to bring in a new party after the statute of limitations had run. The plaintiff's position was that the motion sought merely to correct a misnomer.
We conclude that plaintiff's motion to amend the summons and complaint to correct a misnomer should have been granted and that this was not a situation wherein a plaintiff sought to add a defendant after the statute of limitations had run. For comparable situations in which it was held that the motion to correct the misnomer should be granted, see Denver v. Forbes, 26 F.R.D. 614 (E.D. Pa. 1960); Vadenais v. Christina, 325 F.2d 157 (2 Cir. 1963). Also cf. Mears v. Economy Brake Service, Inc., 78 N.J. Super. 218 (App. Div. 1963).
The order under review is reversed and the case is remanded to the trial court with directions that the caption be amended to correct the defendant's name "Harry Powles" to "Henry E. Powles," with the understanding that the suit is against the defendant son alone as operator of the vehicle and not against his father, Harry A. Powles, as owner thereof. Therefore, the summary judgment, which was in favor of the father Harry Powles, is vacated, since under our determination he was not the intended defendant.